The Port Royal and Augusta Railway Company *v.* Tompkins.

An allegation that the railroad company was negligent in not having a key placed in the bolt which fastened the tender to the engine, in consequence of which the bolt came out, the engine and tender separated, and the fireman was thrown between them to the ground and injured, is not supported by proof that the bolt was not long enough to go through so as to be keyed and thereby prevented from coming out, and that the train was stopped and the engineer and fireman attempted to fasten the bolt, but it was so short that this could not be done. Whether on a proper allegation there could be a recovery is not decided.

November 25, 1889,

Pleadings. Railroads. Negligence. *Allegata* and *probata.* New trial. Before Judge Roney. Richmond superior court. April term, 1889.

Reported in the decision.

J. Ganahl, for plaintiff in error.

Twiggs & Verdery, *contra.*

Blandford, Justice.

The defendant in error brought his action against the railroad company to recover damages for injuries which he alleged he had received by reason of the defendant's negligence. In his declaration he alleged that the railroad company was negligent in this: that it did not have a key placed in the bolt which fasened the tender to the engine; in consequence of which the bolt came out, and the engine and tender separated, and he was thrown to the ground between them and injured.

The proof submitted by the plaintiff showed that if there was any negligence on the part of the railroad company, it consisted in not having a bolt long enough to go through, so as to be keyed and thereby prevented from coming out. The testimony showed conclusively that the train was stopped, and that the engineer and the plaintiff (who was a fireman) attempted to fasten this bolt, but it was so short that it could not be fastened. The proof failed to sustain the allegations in the declaration of negligence on the part of the company; for instead of the negligence being as alleged in the declaration, that the bolt was not keyed so as to become properly fastened, the testimony in truth shows that the damage was caused on account of the bolt being too short. Whether the plaintiff could have recovered had his declaration contained the proper allegation we do not decide, but we are clear that the declaration was not supported by the proof submitted by the defendant in error on the trial of the case.

So we think the court below erred in refusing to grant a new trial, and the judgment is      *Reversed.*