THE CENTRAL RAILROAD COMPANY v. HUBBARD.

1. A declaration alleging that the plaintiff's husband, an employee of a railroad company, was killed by an engine of the company, setting forth such a statement of the facts and circumstances con-

86  623
90  575
90  660
90  837
86  623
93  515
86  623
119  845
86  623
122  667
86  623
129  118

nected with the killing as did not of themselves negative the existence of negligence on the part of the company, and distinctly averring that the deceased was without fault, and that the killing was caused by the negligence of the company's servants in the running of such engine, was not demurrable.

2. Whether or not the presumption of negligence, which §3033 of the code provides shall in all cases be against a railroad company, has been removed, is a question ·of fact for the jury, and not one of law to be determined by the court.

3. In a suit against a railroad company by a widow for the killing of her husband, who was an employee of the company, a request to charge, grouping together certain alleged facts tending to show negligence on the part of the deceased, and instructing the jury that if these facts be true the plaintiff cannot recover, without leaving the jury to determine whether such facts did or did not constitute negligence on his part, was properly refused.

4. When the plaintiff's declaration alleges that her husband was killed in a specified way by the negligent running of a particular train or engine of a railroad company, and the proof shows that he was killed by another engine of· the company, and in a manner different from that alleged, and the evidence is such that, in any view of the case, the plaintiff's right to recover is very doubtful, a verdict in her favor should be set aside.

February 7, 1891.

Negligence. Railroads. Presumptions. *Allegata et probata.* Verdict. Before Judge MILLER. Bibb superior court. April term, 1890.

Reported in the decision.

R. F. LYON, for plaintiff in error.

DESSAU & BARTLETT, *contra.*

LUMPKIN, Justice.

1. The declaration in this case alleges that the plaintiff's husband, who was in the employment of the Central railroad as a track-hand, was killed by the negligent running of an engine or train of the company. It undertakes to state the circumstances of the killing, and the allegations of the declaration are not such as, of themselves, would negative the existence of negligence on the part of the company. Besides, it distinctly alleges that the deceased was entirely free from

fault or negligence, and further, that his death was caused by the negligence of the company's other servants. If all the allegations in the declaration are true, a cause of action is set forth, and it was not necessary that the plaintiff should minutely and in detail describe every fact and circumstance in the case which would tend to show the want of negligence on the part of the deceased. The declaration was sufficiently full and accurate to inform the defendant of the nature of plaintift's complaint, and this is all the law requires.

2. On the trial, the defendant's counsel requested the court to charge as follows : · " No presumption of negligence arises against the railroad company in cases of injuries where the evidence shows how the injury occurred, and where all the facts and circumstances are in evidence which resulted in the injury complained of. In such cases, negligence or no negligence depends on the facts in evidence, and not upon presumption"; and further, " No presumption of negligence on the part of the defendant can arise, if the facts in evidence show how the injury did happen, and what caused it. In such cases, the negligence will depend on the facts in proof, and not upon the presumption arising from any cause." Section 3033 of the code plainly declares · that in all cases of this kind the presumption of negligence shall be against the company. The requests quoted 'are to the effect that on the trial of *some* cases this presumption shall not arise, or at least, that it must not be considered by the jury in arriving at a proper verdict. To give such instructions to the jury would be to disregard the plain meaning of the statute. If, in any case, all the facts and circumstances are proved, it would still remain a question for the jury to determine whether or not the legal presumption had been removed, and this function should not be limited or taken from them by the court. The idea of the defendant's

requests is, that where the case has been fully developed, and the evidence shows exactly what occurred, then the case should be decided on the facts as they appear, and without regard to presumptions; but, under the law, the plaintiff is entitled to the benefit of this presumption against the company, in connection with all the facts, in having the jury arrive at a proper conclusion. In other words, this presumption goes through the entire trial, the question always being whether it has or has not been removed or rebutted by the evidence. Of course, it may be so rebutted, and this can be done by evidence introduced by plaintiff as well as by defendant; but the jury, and they alone, must say whether the presumption remains or has been removed, and it is not for the court to deprive them of this right, or relieve them of this duty, by any instruction given. Again, it rarely, if ever, happens that *all* the facts of a case are brought out, and even if these requests were proper in a case where the whole truth had been developed, it would almost invariably be a matter of the gravest doubt whether this had been done, and hence it would most generally be of exceedingly doubtful propriety and justice to apply such a doctrine. It is highly probable that in another trial of the case now under consideration other facts will be made to appear on both sides.

3. Except as to those things which the law declares shall constitute negligence *per se*, it is always a question of fact for the jury, and not one of law for the court, whether or not given conduct or acts are negligent. Hence, a request which grouped together a number of alleged facts, tending to show negligence on the part of an employee who had been killed by a railroad, and instructing the jury that if these facts are proved there could be no recovery against the company, was rightly refused. Such an instruction, if given, would

have taken from the jury the right and duty of saying whether these particular facts did or did not show negligence, which is their peculiar and exclusive function in such cases. If the request, after reciting hypothetically the alleged facts, had been qualified by some such words as these, " and if you further find that these facts showed negligence on the part of the deceased in the occurrence under investigation," the court might have given it, for the jury would still have been left free to determine this vital question for themselves; but without some such qualification, it would have amounted, if the facts were as stated, to the court's deciding this important question, and taking it from the jury altogether. This, of course, under our system, is in no case permissible.

4. The plaintiff's declaration alleges, in substance, that her husband was employed as a track-hand by the Central railroad in its freight-yard at Macon; that while employed and engaged on one of its tracks, a train came along thereon, and it became necessary for him to step from said track to avoid that train; that he did so, and stepped upon another track of defendant, and was run over and instantly killed by another engine and train of defendant upon the latter track. The proof showed conclusively that deceased was walking along a track of the railroad, and a freight-engine, to which no train was attached, came along behind him on that track and ran over and killed him, and that he did not, in an effort to avoid said engine, step off said track and get killed by an engine and train on another track. Evidence showing that the deceased was killed by a different engine, and in a different manner from that alleged, was admitted without objection. There being, then, a variance between the declaration and the proof as to the circumstances of the killing, and the evidence, as stated, having been admitted without ob-

jection, the question is presented, whether or not a verdict in plaintiff's favor, based on proof not making a case strictly covered by the allegations of the declaration, should stand.

As ruled in the 4th head-note, we are all agreed that in a case like this, where the right to recover is, in any event, doubtful, the plaintiff should be required to make his proof correspond strictly with his allegations. That is to say, in a doubtful case, the defendant is entitled to all his legal rights, and, accordingly, to be accurately informed by the declaration upon precisely what state of facts, and for what kind of negligence, the plaintiff seeks to make him liable. If the plaintiff's right to recover was plain and manifest, the rule need not be so rigidly enforced.

Speaking for myself only, I am strongly inclined to hold, that the plaintiff should not be allowed to recover in any case, no matter how strong the justice of it may be, upon a state of facts not alleged in his declaration. In the first place, every person should, if possible, understand his rights, and know what his cause of complaint is, before bringing suit, and in most cases, this can be easily accomplished. Where this cannot be done, our liberal law of amendment at any stage of the proceedings, before verdict, gives ample opportunity to make his declaration fit the exigencies of the testimony. Beyond doubt, many decisions, both of this and other courts, may be found where verdicts have been allowed to stand, notwithstanding variations between the *allegata* and the *probata*. For instance, in the case of *Haiman & Bro.* v. *Moses & Gerrard*, 39 *Ga.* 708, which was a suit by attorneys at law to recover the sum of $2,500.00 for "professional services," evidence was admitted on the trial, without objection, tending to show that the plaintiffs were also entitled to a retainer of $250.00, although there was no count or item in the declaration claiming

such retainer. The verdict being for a little more than one half of the $2,500.00 sued for, the court held that a new trial ought not to be granted on the ground that the allegations and the proof did not correspond. It is apparent in this case that the amount actually recovered was strictly within the cause of action set forth, and ir the evidence as to the retainer, which was simply irrelevant, was calculated to injure the defendants, they might easily have protected themselves by objecting to it when offered. Again, in the case of *Field* v. *Martin*, 49 *Ga.* 268, a recovery in favor of Field was sustained, although it appeared that his only right to recover was as survivor, etc. In point of fact, however, Field *was* survivor, though not so described in the declaration, and the proof showed that he was such survivor. The right person, therefore, recovered the verdict; and although, on the trial, the proof showing that he was survivor would not have been admitted if challenged, yet, as no objection was made to it, this court allowed the verdict to stand. In the case of *Howard* v. *Barrett*, 52 *Ga.* 15, the pleadings did not present the whole issue covered by the verdict and judgment, but there was no recovery upon a state of facts entirely different from those alleged in the declaration, and as the case *intended* to be stated was fully made out by the evidence without objection, it was held that, after verdict, it was too late for the losing party to make the defective pleadings the ground of a motion for a new trial. In *S., F. & W. R. R. Co.* v. *Barber*, 71 *Ga.* 648, Chief Justice JACKSON said: "Though the declaration may allege certain specifications of negligence by the servants of the company, yet, if proof be allowed to go to the jury without objection, outside of those alleged, we hardly think that the plaintiff should be held strictly to the *allegata*, no objection having been made to the admission of the evidence, and no motion to rule it out."

The point now being discussed, however, was not strictly ruled, and it is inferable from an examination of that case that the additional evidence merely supplemented the plaintiff's main case as made, and did not make a case of an altogether different kind of negligence. This is, doubtless, the idea upon which some of the cases above cited, and many others, have been ruled. In *Harris* v. *Central R. R.*, 78 *Ga.* 525, where the cause of action was the homicide of the plaintiff's husband, alleged to have been caused by the negligent running of the defendant's train, the declaration set forth specific acts of negligence, and the manner of causing the death; but, when the proof showed that the deceased was killed in a different manner from that alleged, it was held that, during the progress of the trial, amendments might be made to adapt the pleadings to the evidence, and this is exactly what might have been done in the present case.

The case of the *Georgia Railroad* v. *Oaks*, 52 *Ga.* 410, is precisely in point. The 5th head-note is as follows : " In a suit against a railroad company by a widow for the homicide of her husband, when the declaration alleged a particular act of negligence on the part of the company as the cause of the homicide, it was error in the court to refuse to charge that proof of other acts of negligence will not authorize a recovery unless the jury be satisfied from the evidence that the negligence charged has been proven." In commenting upon this point, Justice McCAY said, on page 416 : " Our law requires a plaintiff plainly and distinctly to set forth his cause of action. And if one bring a suit based on one set of facts, it is obviously unfair to permit him to recover on another dropped out incidentally, and perhaps by way of defense. The right to amend is very broad, and if parties desire to modify their cases, it is unfair to do so in a speech to the jury. Here was a definite

act of negligence stated and relied on in the declaration. That other acts bearing that designation dropped out in the proof, did not make out the case, and the court should have charged as requested." The question arose there upon a refusal by the court to charge that proof of acts of negligence other than those alleged would not authorize a recovery; and because of this refusal, a new trial was granted, showing that, in the opinion of the court, the plaintiff ought to have been held to proof of the case made by the declaration. Again, in the case of the *Central Railroad* v. *Nash*, 81 *Ga.* 580, a new trial was not granted simply on account of a charge by the court which *seemed* to authorize a recovery upon proof of acts of negligence not charged in the declaration, it appearing, upon examination, that this impression was not intended to be conveyed by the court to the jury, and taking the entire charge together, the evident meaning of the court was "that plaintiff could not recover except upon proof of the specific allegations in the declaration."

The rule I am now seeking to establish is sustained by the ruling of this court in *Mayor, etc. of Montezuma* v. *Wilson*, 82 *Ga.* 206, where it was held that, in an action against the city for injuries alleged to have been sustained by stepping into a hole in a bridge, and the proof showed that the plaintiff was not injured by a defective bridge, but by stepping into a hole in a sewer, a verdict for the plaintiff could not be sustained, for the reason that the recovery was on a state of facts different from those alleged in the declaration. A very strong case upon the line now being pursued is that of the *Port Royal & Augusta Ry. Co.* v. *Tompkins*, 83 *Ga.* 759. In that case, the negligence alleged against the company was "in not having a key placed in the bolt which fastened the tender to the engine," in consequence of which a fireman was injured. The proof

showed that the bolt was not long enough to go through the place in which it was intended to work so that it could be "keyed," and upon these facts, this court held that the variance between the declaration and the proof was fatal, and reversed the judgment of the court below in refusing to grant the defendant a new trial. Upon the particular facts of this case, the ruling certainly went a considerable length, but whether it went too far or not, the principle on which it was based was that the plaintiff must prove the case made by his declaration in order to be entitled to recover.

In the case of the *Central Railroad* v. *Avant,* 80 *Ga.* 195, the plaintiff claimed damages alleged to have been occasioned by reason of the defendant's failure to deliver certain car-loads of melons at Indianapolis, the point of shipment, within a certain time. On the trial, he sought to make the company liable for putting the melons in damaged and unsafe cars, in consequence of which they were injured. This court held that this was an attempt to change the issue made by the plaintiff in his declaration; and commenting thereon, Justice SIMMONS (page 198) says: "When a plaintiff brings a suit for damages, alleging that the defendant has injured and damaged him by failing to deliver certain property at a certain place, he has no right to change the issue on trial, and claim damages on another and different cause of action, without an amendment to the pleadings." In the case now under consideration, so far as this court is informed, no amendment was made to bring the plaintiff's proof into consistency with her declaration. The record does show that an amendment of some kind was made, but as it is not sent up, we cannot consider it.

In view of the rulings above cited, it would seem to be the better practice to require plaintiffs to make out their cases, at least substantially, as laid, and this rule

should not be too much relaxed because defendants do not always object to the admission of irrelevant testimony on the trial. One good reason for failure to object may be that such testimony, if given only its real value, would be harmless. I have expressed the foregoing views with some diffidence, because I am aware of the conflict in the authorities upon this subject, and because, further, I fully appreciate the difficulty of making and stating an unbending and inflexible rule that would fit all cases. The facts of each case are so essentially different from those of most other cases, that it often becomes a very nice question when the variance between the allegations and the proof is sufficient to defeat a recovery. This very difficulty, doubtless, has much to do with the conflicting views and rulings entertained in this class of cases. To the extent this court has ruled in the present case, there can be no doubt, I think, of its safety; and it is clear that more accuracy and care in preparing declarations and pleas would be a decided step towards a safer and better practice.                    *Judgment reversed.*