## 4540. SOUTHERN RAILWAY COMPANY v. MYRICK.

1. Persons expressly or impliedly invited by a railroad company to its stations, waiting-rooms, or platforms have the right to use any of the doors or steps provided by the company for the use of the public as means of ingress and egress, and the duty is upon the company to exercise ordinary care and diligence to keep such places of ingress and egress in a reasonably safe condition at all times when the public may be expected to make use of them.

2. The charge, considered as a whole, fully, fairly, and correctly presented the law applicable to the material issues made by the pleadings and the evidence; and the assignments of error as to excerpts, and as to the refusal to give instructions requested, are without merit.

· 3. The evidence substantially supports the material allegations of the petition, and the verdict for plaintiff was authorized.

DECIDED FEBRUARY 4, 1913.

Action for damages; from city court of Jackson—Judge Fletcher. October 29, 1912.

*Harris & Harris, C. L. Redman,* for plaintiff in error.

*J. T. Moore, W. E. Watkins,* contra.

HILL, C. J. Myrick sued the Southern Railway Company, to recover damages for personal injuries, and obtained a verdict for the sum of $550. The defendant's motion for a new trial was overruled, and it excepted. A demurrer to the petition was overruled, and exceptions pendente lite were preserved. The plaintiff in error does not insist specifically upon the grounds of the demurrer, but argues the demurrer in connection with the grounds of its motion for a new trial, and the decision of this court on the grounds of that motion will also dispose of the demurrer.

The principal ground on which a new trial is claimed is that the allegations of the petition were materially different from the proof. The evidence in support of these allegations, however, was not objected to when offered; and we will consider the question presented, not so much as one of variance between the allegata and the probata, but as a question whether or not the plaintiff substantially proved the allegations of the petition, or, in other words, whether the verdict is based upon a state of facts not embraced by the allegations of the petition; for if proof be allowed to go to the jury without objection, outside of the allegations, the plaintiff should not be held strictly to the *allegata;* but if the proof substantially supports the petition, and the case as made by the evidence is not altogether different from that asserted in the petition, and the evidence considered as a whole, applying it to the allegations of the petition, substantially supports a right of recovery, in the absence of a material and prejudicial error of law the verdict will be allowed to stand. *Central Railroad Co.* v. *Hubbard,* 86 *Ga.* 623 (12 S. E. 1020), and citations.

The plaintiff alleged, that he went to the passenger-station of the defendant company in Flovilla, for the purpose of meeting a member of his family; that he started from the waiting-room of the passenger-station to meet the train, and that when he reached the steps at the east side of the platform of the passenger-station

for the purpose of descending to the ground, he fell from the steps to the ground, a distance of about four feet, and sustained injuries described in the petition. He alleges that two freight skids, about twelve inches wide, three or four inches thick, and about twelve feet long, were negligently left upon the steps by the defendant, and that he stumbled over these skids, and fell and was injured, as set out in the petition; that it was very dark and was raining, and there was no light on the platform; that these steps were the steps provided by the defendant company for passengers to descend from the platform to the ground. He alleges that the defendant was negligent in allowing these freight skids to remain on the platform steps, causing the steps to be in a dangerous condition, and that the defendant was also negligent in not having lights placed on or about the platform, in order that the plaintiff could walk upon the platform and steps in safety. By an amendment the plaintiff alleged, that he had no knowledge of the skids being across the steps; that he had exercised all due care in approaching the steps; that he was free from all fault; and that in the darkness he failed to see the skids across the steps, and that by the use of all ordinary care he could not have seen them.

In support of these allegations the plaintiff proved the following facts: About dark he went to the depot to meet his aunt, who was coming from Juliette, and he went in the "colored waiting-room" at the depot, where passengers get on and off trains. The "colored car" of the train stops right near the depot, even with the colored waiting-room. This is where passengers alight and board the train. There was nothing on the steps leading to the waiting-room, over which he passed in safety. These were not the steps that the plaintiff fell down. The steps he fell down were in front of the freight room, and he happened to be on the latter steps for the following reasons: He remained in the colored waiting-room for about thirty minutes, and then, learning that the train was about thirty minutes late, as he was wet and there was no fire in the waiting-room, and he was cold, he decided that he would go to the house of a friend of his, who lived south of the depot. He therefore went around the office near the side door of the freight room, and started down the steps at this point, this being the nearest way from the platform to his friend's house. There were no lights, and he did not see what he was walking over. He did not ask for

any lights, but went out in the dark, and stumbled as described. When he started down these steps his foot struck these skids, and he stumbled and fell. The skids were used for loading and unloading cars. The steps which he used in descending from the platform were used by the public. He said he had seen lots of people use them, "anybody that wanted to." This was the only testimony as to the manner in which the plaintiff was hurt.

We have come to the conclusion that the evidence substantially supports the material allegations of the petition. It must be conceded that plaintiff was at the station and in the waiting-room and on the platform for a lawful purpose. He was there protected by the implied invitation of the company to meet a passenger on an expected train. Finding that the train on which this passenger was expected to arrive would be thirty minutes late, he had the right to leave the station and to go to a near-by house for the purpose stated; and, in leaving the platform, he had the right to make use of any means of egress from the waiting-room, over the platform that was used by the public for that purpose. Unquestionably, it would have been better for him to have used the steps leading into the waiting-room, that he had used in coming to the station, but he was not necessarily guilty of negligence because he used other steps leading from the platform, if these steps were means for ingress and egress, provided by the company for passengers or the public generally who had business with the railway company; and his evidence is undisputed that the steps which he did use were generally used by the public for ascending and descending the platform. He was not necessarily guilty of negligence because he went out in the dark for the purpose of descending these steps. As they were used generally by the public for this purpose, he had the right to assume that the defendant company would exercise due and proper diligence in keeping these steps free from any obstructions that might render their use by the public dangerous. In other words, he had the right to assume in this case that the steps leading down from the platform would be free from any obstructions, such as skids or other obstructions of a dangerous character. Both his allegations and his evidence were that these steps were rendered dangerous by the presence of these skids upon them, and it was for the jury to say whether, under the circumstances, the leaving of the skids on the steps was negligence.

It was argued before us that, under the allegations of the petition, the plaintiff could recover only by evidence of negligence as to the steps on the east side of the platform, where passengers alight and board the train; that only at this point was an invitation extended by the company to meet expected passengers. But we think this is too narrow a construction to place upon the allegations of the petition on this point, and the plaintiff's evidence in connection therewith, and the correlative duty of the defendant. The plaintiff had the right to use any steps that were used by the public generally, in ascending or descending the platform; and it was the duty of the defendant to keep all these means of ingress and egress in a reasonably safe condition. It may be admitted that the plaintiff would not have had a right to use steps exclusively intended for the use of the employees of the defendant company in handling freight, but he could not be said to have been guilty of contributory negligence of sufficient gravity to bar his right of recovery because he did use steps leading from that part of the platform on which freight was located, if, under the evidence, these steps were also used by the public generally. On this point the judge, in his instructions to the jury, presented the contention of the defendant. He instructed the jury that the burden was upon the plaintiff to prove that the defendant was negligent and that he was injured by reason of this negligence; that there is no presumption in this case against the defendant. "I charge you that the defendant had the right to presume that if the plaintiff went upon the premises of the defendant for any lawful purpose, he would attempt to use only the part of the defendant's premises designated for the purpose, and customarily used by persons having like business with the defendant, or going there for like purpose, with defendant's knowledge and consent." "If plaintiff was injured while he was attempting to use a portion of defendant's premises, intended for its employees, and where there was no invitation, express or implied, for him to be, he can not recover."

There are numerous grounds in the motion for a new trial, alleging error in excerpts from the charge, and in the refusal to give instructions requested. We have examined these grounds in connection with the general charge, and we think, in so far as they were pertinent to the issues made by the petition and the evidence, they are fully covered by the general instructions on the subjects

to which they relate. The charge as a whole fully presented the issues in the case, and was as favorable to the defendant as it had a right to expect. Substantial legal justice seems to have been attained in this case, and no material or prejudicial error of law, of sufficient gravity to warrant another trial, is presented to this court.                                        *Judgment affirmed.*