### SEABOARD ·AIR-LINE RAILWAY *v.* JARRELL.

BECK, J. 1. Though there was evidence to show that the fire which resulted in the destruction of the plaintiff's property, a mill and machinery, became apparent in less than an hour after the passing of the train .from the engine of which the plaintiff insists sparks were emitted which caused the fire, there is no testimony to show that the sparks were coming from the engine at the time it passed the property, or that it caused the fire, other than the following: that the wind was blowing in the direction of the property from the track, that there was an accumulation of grass and other combustible matter on the right of way between the house which was burned and the track, that there was no fire in or near the mill on that day or for several days prior to the fire, and that the fire began to burn on the side of the mill next to the track. This was not enough to authorize the jury to find that the engine of the defendant caused the fire by the emission of sparks, there being proof to show that the two engines which passed on the day of· the fire and prior thereto were properly equipped with approved spark' arresters, which evidence was uncontradicted. *G., J. & S. Railroad Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213).

2. The motion for a new trial being based upon the general grounds, and upon a ruling of the court in the admission of certain evidence which the plaintiff in error contends was immaterial and irrelevant, the latter ground in the motion will be treated as abandoned where counsel state in their brief that they "plant their case in this court upon the contention that the verdict was contrary to law, contrary to the evidence, and without evidence to support it. We make the point with reference to the improper admission of the testimony set out in the amendment to the motion for a new trial, solely to call it to the court's attention, in order that it may not be ·considered in determining our right to a reversal under the general grounds of error. . . A new trial is sought upon the general grounds alone, so that in the next trial of the case, with the same evidence, the court will have no alternative but to direct a verdict."

*Judgment reversed. All the Justices concur, except Evans, P. J., and Lumpkin, J., dissenting.*

AUGUST 19, 1916.

Action for damages. Before Judge Sheppard. Effingham superior court. July 21, 1915.

*Anderson, Cann, Cann & Walsh,* for plaintiff in error.

*W. B. Stubbs* and *Gordon Saussy,* contra.