### 8870. JARRELL *v.* SEABOARD AIR-LINE RAILWAY.

WADE, C. J. 1. When this case was formerly tried a verdict was returned in favor of the plaintiff; and by exception to the order of the court refusing a new trial it was carried to the Supreme Court for review, the general grounds of the motion only being insisted upon at the hearing in that court. In reversing the judgment of the lower court the Supreme Court held: "Though there was evidence to show that the fire which resulted in the destruction of the plaintiff's property, a mill and machinery, became apparent in less than an hour after the passing of the train, from the engine of which the plaintiff insists sparks were emitted which caused the fire, there is no testimony to show that the sparks were coming from the engine at the time it passed the property, or that it caused the fire, other than the following: that the wind was blowing in the direction of the property from the track, that there was an accumulation of grass and other combustible matter on the right of way between the house which was burned and the track, that there was no fire in or near the mill on that day or for several days prior to the fire, and that the fire began to burn on the side of the mill next to the track. This was not enough to authorize the jury to find that the engine of the defendant caused the fire by the emission of sparks, there being proof to show that the two engines which passed on the day of the fire and prior thereto were properly equipped with approved spark-arresters, which evidence was uncontradicted. *G., J. & S. Railroad Co.* v. *Edmondson*, 101 *Ga.* 747 (29 S. E. 213)." *Seaboard Air-Line Ry.* v. *Jarrell*, 145 *Ga.* 688 (89 S. E. 718).

2. The ruling by the Supreme Court (just cited) is of course the law of this case; and if there were no material difference between the evidence appearing in the previous record and the evidence in the present record, a judgment affirming the grant of a nonsuit would necessarily result; but it is clear that the decision of the Supreme Court was distinctly predicated upon the fact that there was uncontradicted evidence that the two engines which passed shortly before the fire was discovered were properly equipped with spark-arresters, wherefore the circumstantial evidence offered to show that the fire was caused by sparks emitted from an engine of the defendant company was not sufficient to "reasonably establish the theory relied upon, and to preponderate to that theory, rather than to any other reasonable hypothesis." *Georgia Ry. & El. Co.* v. *Harris*, 1 *Ga. App.* 714 (57 S. E. 1076).

(*a*) At the trial under review no evidence was introduced in behalf of the defendant, as a nonsuit was awarded at the close of the testimony for the plaintiff; and not only was there no *uncontradicted* evidence "to show that the two engines which passed on the day of the fire and prior thereto were properly equipped with approved spark-arresters," but there was no evidence whatever to this effect.

(*b*) The testimony from a witness, not adduced at the former trial, to the effect that she did not "notice" any sparks on the day when "the train" was passing by, did not necessarily establish the fact that the witness even saw the *engine* attached to the train as it passed the mill

which soon afterwards caught fire; nor was it sufficient to conclusively show that no sparks were in fact emitted by the engine at the time, especially in view of further testimony that the engine "exhausted" when passing the mill, and that when exhausting sparks were always emitted, and since the train passed in the daytime, when sparks would not as a matter of common knowledge be generally visible. This testimony merely presented additional circumstances for consideration by a jury in determining how the fire originated.

3. In the absence of any testimony at the trial under review that the engines of the defendant company were equipped with proper spark-arresters, the various circumstances in proof were sufficient to require a submission to the jury of the issue whether the fire which destroyed the plaintiff's property was caused by the negligence of the defendant company. See, in this connection, *Port Royal Railway Co.* v. *Griffin*, 86 *Ga.* 172 (12 S. E. 303); *Southern Railway Co.* v. *Herrington*, 128 *Ga.* 438 (57 S. E. 694); *Greene* v. *Central of Georgia Ry. Co.*, 130 *Ga.* 375 (60 S. E. 861).

> *Judgment reversed. Jenkins and Luke, JJ., concur.*
> DECIDED DECEMBER 13, 1917.

Action for damages; from Effingham superior court—Judge Sheppard. April 17, 1917.

*W. B. Stubbs, G. N. Alford,* for plaintiff.

*Anderson, Cann, Cann & Walsh,* for defendant.