### 9205.   WESTERN & ATLANTIC RAILROAD CO. v. COLLETT.

WADE, C. J.   1. The motion for a new trial was based upon the general grounds only.   Notwithstanding evidence that the engine alleged to have originated the fire which caused the damage for which recovery was sought was equipped with a proper spark-arrester, there was some testimony as to facts and circumstances from which the jury was authorized to infer that the fire, occurring a few minutes after the passage of the engine, was caused thereby.   Nothing in the cases of *Seaboard Air-Line Ry.* v. *Jarrell*, 145 Ga. 688 (89 S. E. 718), *Jarrell* v. *Seaboard Air-Line Ry.*, 21 Ga. App. 415 (94 S. E. 648), is in conflict with this ruling.   In the *Jarrell* case there was "no testimony to show that the sparks were coming from the engine at the time it passed the property" (*Seaboard Air-Line Ry.* v. *Jarrell*, supra); whereas in the present case it was testified that when the engine passed a few minutes before the blaze broke out on the roof of a dry wooden building, located about 30 feet from the right of way of the defendant company, it was "throwing" out a shower of sparks and cinders—"live coals of fire, sparks, and cinders," the wind was blowing gently from the direction of the engine towards the house, and sparks as large as the end of a finger "were going maybe something like 15 or 20 feet high" at the very time the train was passing.   From this and other testimony the jury could find that the spark-arrester was not in fact in a safe condition at the time, or that the engine was negligently operated as alleged in the petition.   There was no error in overruling the motion for a new trial.

*Judgment affirmed.   Jenkins and Luke, JJ., concur.*

DECIDED MARCH 12, 1918.

Action for damages; from Whitfield superior court—Judge Tarver.   September 8, 1917.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error.

*Glenn & House, W. E. Mann,* contra.