## 10119. CARDEN v. ATLANTA, BIRMINGHAM & ATLANTIC RAILWAY CO.

BROYLES, P. J. "In the absence of any testimony at the trial under review that the engines of the defendant company were equipped with proper spark-arresters, the various circumstances in proof were sufficient to require a submission to the jury of the issue whether the fire which destroyed the plaintiff's property was caused by the negligence of the defendant company." *Jarrell* v. *Seaboard Air-Line Ry.*, 21 *Ga. App.* 415 (3) (94 S. E. 648). Under this ruling and the facts of the present case, after the allowance of the amendment to the petition, the court erred in awarding a nonsuit.

*Judgment reversed. Bloodworth and Stephens, 'JJ., concur.*

DECIDED MAY 7, 1919.

Action for damages; from Campbell superior court—Judge Smith. August 7, 1918.

· In the petition it was alleged in substance that about 11 o'clock p. m. on April 22, 1916, the engine of the defendant's passenger-train No. 4, moving from Atlanta to Brunswick, while passing the plaintiff's gin-house and mill house, emitted from its smoke-stack quantities of firebrands, cinders, and live coals, which fell upon the right of way of the railroad and upon the plaintiff's houses, and set fire to dry grass and weeds and other inflammable matter on the right of way, from which fire was communicated to the plaintiff's houses, causing their destruction; that when this occurred the spark-arrester of the smoke-stack was not in proper condition so as to prevent coals of fire from being emitted, the engine was being operated at very rapid speed and was exhausting steam in great quantities, and a strong wind was blowing in the direction of the plaintiff's houses. It was alleged that the defendant was negligent in operating the train in the manner and under the conditions stated, with a defective spark-arrester and with combustible matter on the right of way as described. By amendment at the trial the plaintiff struck the allegation as to the number of the engine and alleged that the number was unknown. At the conclusion of the evidence introduced by the plaintiff, counsel for the defendant moved for a nonsuit, on the ground that it did not appear that an engine of the defendant had communicated the fire to the plaintiff's property or was connected with the injury complained of. A judgment of nonsuit was entered, and the plaintiff excepted.

From the evidence it appeared that the property described was

between twenty and seventy-five feet from the railroad-track, and that the nearest house to the burned houses was about a hundred yards from them and on the opposite side of the railroad. The plaintiff testified that the right of way of the railroad at that point at the time of the fire was grown up in grass and weeds, which were dead and dry; that he noticed this in March, 1916, and did not think the place was cleaned before the time of the fire, April 22, 1916. J. E. Edmundson testified that on the night of the fire which burned the property described he passed there about 10 o'clock on his way to his home, which was about two or three hundred yards from there, and it was not on fire, and a little later he saw the fire, and when he reached there the roof and house were enveloped in flames. From the testimony of T. W. Warr it appeared that when he was on his way from Fayetteville to Atlanta, about 10:30 or 11 o'clock that night, he passed the plaintiff's gin-house and "it looked pretty dark," and beyond that point he passed a train from Atlanta which was going in the direction from which he had come. He testified: "It was moving along pretty lively, like any other train would be out on the road, . . it looked to be (according to the way automobiles run) 25 to 35 miles an hour, something like that. I didn't notice the smoke-stack of that engine. I just know it was letting sparks out, flying. There was flying out of it there live coal and fire. . . The engine was going in the direction of the gin-house, and was something like four or five hundred yards, right smart piece then. I say those were live coals from the fire-box. Live coals are emitted from an engine like that on account of the blow-pipe, on account of his fire under the boiler, he wants to get up steam. You have to have some draft to burn your coal. Sometimes you aint using it all the time, and you have to put the blow-pipe on to have draft to burn up your coal. . . . I saw several trains that night, one just there at Fayetteville, I passed one, and the West Point just before I got to town, the 11 o'clock train coming in from Montgomery, the Atlanta & West Point one and this one up here. . . That train I say passed me was running something like an ordinary train runs; there was not anything out of the ordinary in the way of his running, I don't suppose. . . I noticed in going by it was exhausting. . . That is not always the usual thing. That was where the engine passed me, something like two or three hundred yards,

I think it is, from this gin down there." Jack Johnson testified that about 11 o'clock on the night on which the gin and mill were burned he first saw the fire when he was about a mile from there, going to his home, and went to the fire as quickly as he could with a mule, and met a train on the track of the A., B. & A. Railroad just below the fire, about half a mile from it and south of the gin-house. When he got to it the fire "was burning right around on the ground. . . and burning in the top of the roof next to the end of the railroad. The wind was blowing that night right towards the gin-house from the railroad." There was evidence as to the value of the property destroyed.

Cited in the brief for plaintiff: *Ga. Rep.* 90/11; 101/751; 113/338; 114/315; 125/400, 406; 128/440; 129/367-70; 139/408; 141/590; *Ga. App. R.* 11/482, 521, 790; 20/354; 21/415, 814, 878; 95 S. E. (N. C.) 175; 95 S. E. (N. C.) 490; 75 S. E. (Va.) 183; 162 Ky. 469; 25 Okla. 754; 97 Ark. 54; 152 N. C. 79; 184 Mich. 375; 172 Mo. App. 579; 148 Ky. 245; 111 Maine, 591; 143 Mo. App. 557;-164 App. Div. (N. Y.) 421; 125 S. W. 70. 114 *Ga.* 712, 145 *Ga.* 686, distinguished. Cited for defendant: 3 *Ga. App.* 222; 145 Ga. 688.

*Hewlett & Dennis,* for plaintiff. *Brandon & Hynds, Colquitt & Conyers, J. H. Longino,* for defendant.