9974.  JARRELL *v.* SEABOARD AIR-LINE RAILWAY.

1. As to the insufficiency of the evidence to authorize a recovery for destruction of the plaintiff's property by fire alleged to have been caused by emission of sparks from either of two locomotives of the defendant, the decision of the Supreme Court on review of a former trial of this case (*Seaboard Air-Line Railway* v. *Jarrell,* 145 *Ga.* 688, 89 S. E. 718) governs the case on the present writ of error, the material evidence on that trial and on the trial now under review being substantially the same. The proffered evidence as to clinkers found along the right of way of the railroad could not alter the law of the case as laid down in that decision.

2. The refusal to exclude positive testimony as to the inspection of an engine by a witness whose testimony in this respect was based on book entries made by himself, and not on independent recollection of the inspection, was not error for any reason assigned.

DECIDED MAY 13, 1919.

Action for damages; from Effingham superior court—Judge Sheppard.  June 15, 1918.

*W. B. Stubbs, Gordon Saussy, A. N. Keiffer,* for plaintiff.
*Anderson, Cann, Cann & Walsh,* for defendant.

JENKINS, J.  On a former writ of error in this case it was held by the Supreme Court that the evidence then submitted did not authorize the jury to find that the fire which consumed the plaintiff's property was caused by the emission of sparks from either of the two locomotives which it was alleged occasioned the injuries, there being also uncontradicted proof to show that these locomotives were at the time properly equipped with approved spark-arresters. 145 *Ga.* 688 (89 S. E. 718).  When the case was tried again, and subsequently appeared in this court on exceptions taken by the plaintiff to the grant of a nonsuit, it was held that the court

below erred in making such a disposition of the suit, since at the second trial "not only was there no *uncontradicted* evidence 'to show that the two engines which passed on the day of the fire and prior thereto were properly equipped with approved spark-arresters,' but there was no evidence whatever to this effect." 21 *Ga. App.* 415 (94 S. E. 648). The plaintiff now brings his exceptions to the direction of a verdict in favor of the defendant on a third trial, on which, it appears, the same proof was furnished as to the use of approved spark-arresters and as to their being in good condition as was made at the first trial; but the plaintiff contends that there were substantial and material differences between the evidence submitted at the third trial and that which was offered at the first trial, and that consequently the law. of the case as fixed by the Supreme Court under the testimony first submitted can not be taken as now governing. The additional evidence thus relied upon by the plaintiff as being sufficient to take the case from under the ruling made by the Supreme Court, that the jury were then authorized to find in favor of the plaintiff, is to the effect: (1) that when the defendant's engine which it is alleged caused the fire passed the point where the fire occurred, it was exhausting heavily, in such manner as is usual when sparks are being emitted; (2) that such a fire could have originated from coals dropping from the ash-pan, or from clinkers which the fireman could have thrown from the engine; although the petition does not allege any such grounds of negligence by reason of which the fire was brought about, and the undisputed evidence for the defendant is to the effect that the ash-pan was in good condition, and that no clinkers or coals were thrown out by the fireman; (3) that the plaintiff offered to show that large clinkers or cinders too. big to come through a proper spark-arrester netting covered the right of way along the point where the fire occurred and about the time of the fire; although the plaintiff did not offer to show by what means such cinders or clinkers were deposited, or, if from the smoke-stack of an engine, from what engine they were emitted, or at what time they were deposited along the right of way.

1. (*a*) Since the record of the case as it was presented to the Supreme Court shows that substantially the same evidence was then before it as is now presented relative to the exhaust noise made by the engine, with similar testimony relative to the alleged

necessary result as to the attendant emission of sparks, the ruling made by the Supreme Court will be taken as having been made with that testimony in view; and so far as the law of this case is concerned, such evidence must be taken as being without probative value; especially so since it does not appear that the attention of the Supreme Court was called to such testimony as having been overlooked in the adjudication made by it. *Carr* v. *Neal Loan & Banking Co.*, 99 *Ga.* 322 (25 S. E. 655).

(*b*)  The specific allegations of negligence contained in the petition all having reference to the emission of sparks, in which specified way it was contended the fire was occasioned, and furthermore there being no evidence substantiating the theory that the fire in fact originated by reason of such coals having dropped from the ash-pan or from clinkers thrown out by the fireman, and since the contrary evidence for the defendant on this point is uncontradicted, the theories of negligence which it is thus sought to raise solely from the testimony can not be the basis of a recovery. *Central Railroad Co.* v. *Hubbard*, 86 *Ga.* 623 (4), 627 (12 S. E. 1020).  See also *Ga. Brewing Asso.* v. *Henderson*, 117 *Ga.* 480, 482 (43 S. E. 698); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (5, 7), 844 (48 S. E. 329); *C. & W. C. Ry. Co.* v. *Patton*, 22 *Ga. App.* 554 (96 S. E. 504), and cit.

(*c*)  The proffered evidence as to the clinkers found along the right of way as stated in the third division of the foregoing statement is without probative value, and could not alter the law of the case as originally laid down by the Supreme Court.  See *Western & Atlantic R. Co.* v. *State*, 23 *Ga. App.* 225 (97 S. E. 878 (3) ).

2.  The witness for the defendant having testified that he himself made the entry in the book upon which he based his positive testimony as to the inspection of the defendant's engine, though he had no independent recollection of such inspection, the court did not err in refusing to exclude his testimony for any of the reasons assigned in the fifth ground of the motion for a new trial.  See *Smith* v. *Atlanta*, 22 *Ga. App.* 511 (4) (96 S. E. 334), and cases cited.

*Judgment affirmed.  Wade, C. J., and Luke, J., concur.*