24134. LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* POUNDS.

STEPHENS, J. 1. Upon the trial of a suit against a railroad company to recover for damage in the destruction by fire of the plaintiff's house alleged to have been caused by the emission of sparks from a passing engine of the defendant, where the only evidence tending to show that any engines of the defendant had emitted sparks when passing the particular place was that there were found near the railroad track cinders and coals of a character which could only have been emitted from engines of the defendant, and that the ground near the track was black, but where it appeared otherwise undisputed and uncontradicted that the engine of the defendant which it is alleged emitted the sparks which caused the damage complained of was traveling down grade at the place where it was claimed the fire originated, and was not getting up steam and emitted no sparks, and that the engine was equipped with a proper spark arrester, the evidence is insufficient to authorize an inference that the spark arrester upon the engine was in a defective condition and that the defendant was negligent in not keeping the spark arrester of the engine in good condition. Therefore there was presented no issue of fact for the jury whether the spark arrester of the engine was in good condition or whether the defendant was negligent in not keeping the spark arrester in good condition. It was therefore error prejudicial to the defendant for the judge to charge the jury that if they believed from the evidence that the defendant's engine was equipped with a spark arrester and other appliances for preventing fires, but that the defendant failed to use reasonable care and skill in keeping the spark arrester in good condition, and as a result of such defective condition of the spark arrester the plaintiff's property was damaged and destroyed by fire originating in sparks emitted from the engine, the plaintiff would be entitled to recover. *Gainesville &c. R. Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213); *Southern Railway Co.* v. *Myers,* 108 *Ga.* 165 (33 S. E. 917); *S. A.-L. Ry. Co.* v. *Jarrell,* 145 *Ga.* 688 (89 S. E. 718); *Jarrell* v.

*S. A.-L. Ry. Co.*, 21 *Ga. App.* 415 (94 S. E. 648) ; *Hines* v. *Bellah*, 26 *Ga. App.* 361 (106 S. E. 559).

2. While the evidence that cinders and coals which could only have been emitted from the defendant's engine were found near the defendant's railroad track where the fire complained of originated, and the condition of the ground near the track at this place, were circumstances which tended to authorize an inference that passing trains of the defendant emitted sparks at the particular place and that not all the engines of the defendant company had at all times been equipped with proper spark arresters, this evidence was insufficient, under the undisputed evidence as above indicated, to authorize any inference that the particular engine which it is alleged caused the damage emitted any sparks or set out the fire complained of. This evidence would have been relevant and material when properly connected up with other evidence tending to show that the particular engine emitted sparks as claimed, and the court did not err in admitting it at the time and before all the evidence had been adduced, notwithstanding it developed after the close of the case and all the evidence had been adduced that the evidence was insufficient to show that this particular engine of the defendant was not equipped with a proper spark arrester and that it did emit sparks. *Atlantic Coast Line R. Co.* v. *McElmurray*, 14 *Ga. App.* 196, 200 (80 S. E. 680).

3. Certain requests to charge were pertinent and relevant and contained correct propositions of law, but since a new trial is granted upon other grounds it is unnecessary to determine whether the matters contained in the requests to charge were substantially covered by the general charge.

4. The charge of the court that before the plaintiff would be authorized to recover on circumstantial evidence alone the evidence should reasonably establish the theory relied upon and preponderate to that theory rather than to any other reasonable hypothesis was a correct statement of the law. This portion of the charge had reference to a recovery upon circumstantial evidence alone, and the giving of it in charge was not error upon the ground that the court did not further charge that there could be no recovery upon circumstantial evidence where the hypothesis relied upon was disproved by positive and uncontradicted testimony of unimpeached witnesses.

5. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 18, 1935.

*Cumming & Harper, J. B. Burnside,* for plaintiffs in error. *B. J. Stevens,* contra.