## 34612. ATLANTIC COAST LINE RAILROAD COMPANY v. OLIVENT.

QUILLIAN, J. 1. This is a companion case to *Atlantic Coast Line R. Co. v. Sellars,* ante, p. 293 (79 S. E. 2d 35). From the evidence it appears, and the jury were authorized to find, that the damages complained of resulted from the negligence of the defendant in permitting live coals to be dropped from its locomotive onto its right-of-way, which started a fire thereon that spread to the lands of the plaintiff. The sole special ground of the motion for new trial in this case is the same as the fourth special ground of the motion in that case, and, as held in the fourth division of the opinion there, such ground was without merit.

2. While there is no presumption that the fire was set by the locomotive of the defendant, such fact may be shown by circumstantial evidence, and though the defendant, in the absence of some act of negligence on its part, is not liable for merely setting a fire, such negligence as places liability on the defendant need not be confined to the equipping, maintenance, or operation of its locomotive, but may consist of negligence in such matters as the maintenance of its right-of-way. *A. C. L. R. Co.* v. *Davis & Brandon,* 5 *Ga. App.* 214 (62 S. E. 1022). Consequently, where, as in this case, there was evidence that live coals were observed along the defendant's right-of-way where the fire in question was seen to originate shortly after the passage of its steam locomotive, and the defendant had permitted a growth of tall grass to remain on its right-of-way, and such grass was dead and dry and communicated the fire to the lands of the plaintiff, such evidence was sufficient to authorize the verdict for the plaintiff, even though no witness testified directly that he saw the defendant's locomotive emit sparks or drop live coals. This is true even though the evidence may have demanded a finding that the defendant's locomotive was equipped with the latest and best spark arrester and ash pan in general use on that type of locomotive.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

Decided December 2, 1953—Rehearing denied December 16, 1953.

*Custer & Kirbo,* for plaintiff in error.
*Peacock, Perry & Kelley, Jesse W. Walters,* contra.

On Motion For Rehearing.

The cases of *Seaboard Air-Line Ry.* v. *Jarrell,* 145 *Ga.* 688 (89 S. E. 718), *Jarrell* v. *Seaboard Air-Line Ry.,* 23 *Ga. App.* 717 (99 S. E. 386), *Hines* v. *Bellah,* 26 *Ga. App.* 361 (106 S. E. 559), which are relied upon by the plaintiff in error, and which it is contended were overlooked by this court in rendering the foregoing decision, are distinguishable from this case, in that in those cases the decisions were based on the conclusion of the appellate courts that there was no evidence in those cases authorizing a finding that the fires were started by the defendant railroads. Those cases held, in effect, that a railroad is not rendered liable for merely negligently permitting grass and other combustible material to accumulate on its right-of-way and to communicate fire therefrom, unless it is shown that the railroad also started the fire; and they each held that there was no evidence, direct or circumstantial, to authorize a finding that the defendant railroad started the fire. In the instant case, the evidence as to the

presence of live coals on the right-of-way just after the passing of the train, together with evidence that the fire actually commenced on the right-of-way itself, is sufficient to authorize a jury to infer that the fire was started by the defendant. In such a case, the verdict in favor of the plaintiff was authorized, although the evidence may not have shown that the defendant was negligent in permitting live coals to be dropped from its engine or negligent in the equipping or maintenance of its engine.

*Rehearing denied. Sutton, C. J., and Felton, J., concur.*