9580. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* TRAMMELL.

JENKINS, J. 1. While the evidence by no means necessitated the finding of the jury that the engine of the railroad company caused the fire which resulted in injury to plaintiff's property, still it can not be said that the finding in this respect was unauthorized as being without evidence to support it; and therefore the conclusion reached and entered by the jury on this point can not be disturbed. *Gainesville &c. R. Co. v. Edmondson,* 101 *Ga.* 747, 751 (29 S. E. 213).

2. Upon it being shown by the plaintiff that the injury to his property was occasioned by sparks emitted from the defendant's locomotive, a rebuttable presumption thereupon arose that the loss was brought about by the alleged negligence of the defendant in failing to exercise the required ordinary care and diligence in the equipping of its engine with proper appliances to prevent fire, as well as in keeping them in proper repair, and in the operation of the engine. Civil Code (1910), § 2780; *Southern Railway Co. v. Thompson,* 129 *Ga.* 367, 372 (58 S. E. 1044); *Southern Railway Co. v. Smith,* 21 *Ga. App.* 814 (95 S. E. 328).

3. While, in order to rebut the presumption thus raised against it, evidence was submitted on behalf of defendant to the effect that at the time of the fire proper spark-arresting appliances were attached to the engine, and that they had been regularly inspected and were then in first-class condition, and while the plaintiff also adduced testimony showing that the engine was upon this occasion handled with all due care and diligence, there was, on the other hand, evidence to the effect that at the time the damage was occasioned the engine was in point of fact emitting sparks of "unusual" number and size, "which flew out in flakes," "some as large as partridge eggs." Since the issue of fact as to whether the defendant had exercised the diligence required of it in preventing an unnecessary and unreasonable outflow of sparks from its engine could thus be arrived at and determined by reference to the testimony of defendant, on the one hand, as to what was the truth of the matter in regard to the proper equipment and operation of the

engine, and the entirely irreconcilable testimony for the plaintiff, on the other hand, as to what actually was the fact in the case, the finding of the jury as made upon such disputed issue will not be disturbed. *Southern Railway Co.* v. *Williams*, 113 . *Ga.* 335 (38 S. E. 744). See, in this connection, *Jarrell* v. *S. A. L. Ry.*, 21 *Ga. App.* 415 (94 S. E. 648).

4. The request to charge upon the burden of proof and the preponderance of evidence, as embodied in the first ground of the amendment to the motion for a new trial, states a correct principle of law; but since the general principles referred to were actually given by the court in language just as clear and even more elaborate, there is no merit in this assignment.

5. "Contentions may be proved as well by circumstances as by direct testimony, and in a civil case the plaintiff is only required to establish his contentions by a preponderance of the testimony, and he is not required, even where relying only upon circumstantial evidence, to establish them to the exclusion of every other reasonable hypothesis." *Pelham Phosphate Co.* v. *Daniels*, 21 *Ga. App.* 547 (15) (94 S. E. 846). The court, therefore, did not err in refusing to give the requested instruction contained in the second ground of the amendment to the motion for a new trial.

6. It is complained that the court refused a request to charge as follows: "I charge you that the defendant had a right to operate its trains by the use of steam produced by fire, and that persons placing combustible property close alongside the track take the chances of fire from locomotives equipped and operated with due caution on the part of the defendant." This request contains no principle of law not fully covered by the charge given. The ruling made in *Atlantic & Birmingham Railway Co.* v. *Sumner*, 134 *Ga.* 673 (6) (68 S. E. 593), is not understood to mean that the precise language of this excerpt must be given upon request in all cases such as the instant one, even though the court may have fully and clearly covered the issues of the case and correctly stated in other terms all of the legal principles therein contained. *Cosby* v. *Reid*, 21 *Ga. App.* 604 (2) (94 S. E. 824). It may have been that in the opinion of the trial judge the particular language of this request, though embodying correct legal principles, tended or inclined towards argumentativeness, and that for this reason he preferred to make a different statement of the same rules. For similar reasons ground 4 of the motion for a new trial is without merit.

7. There was no error in overruling the exceptions to the allowance of the plaintiff's amendment setting up the kind and character of the alleged negligence on the defendant's part. From the nature of the case, these allegations must be taken as sufficiently definite. See, in this connection, the authorities cited in *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (94 S. E. 892), on motion for rehearing.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 8, 1918.

Action for damages; from Monroe superior court—Judge Searcy. January 12, 1918.

*B. S. Willingham, Cleveland & Goodrich,* for plaintiff in error.
*Persons & Persons,* contra.