### 11067. LOUISVILLE & NASHVILLE RAILROAD CO. v. HOWARD.

SMITH, J. Though there was evidence to show that the fire which damaged the plaintiff's property was discovered between 25 and 30 minutes after the passing of the train, from the engine of which the plaintiff insists sparks were emitted which caused the fire, there is no testimony to show that the sparks were coming from the engine at the time it passed the property, or that it caused the fire, other than the following: that the wind was blowing in the direction of the burned house from the track, that the fire in question occurred about midnight, and that there had been no fire in or near the house, which was a high two-story dwelling, since about 10 or 11 o'clock in the morning, and that the fire was first seen on the top of the roof. This was not, under the decisions made in *Seaboard Air-Line Ry.* v. *Jarrell*, 145 *Ga.* 688 (89 S. E. 718), and *Gainesville &c. Railroad Co.* v. *Edmondson*, 101 *Ga.* 747 (29 S. E. 213), enough to authorize the jury to find that the engine of the defendant caused the fire by the emission of sparks, there being uncontradicted proof to show not only that the engine which passed on the night of the fire was properly equipped with an approved spark-arrester, but that it was handled in a skilful and proper manner.

       *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

       DECIDED MARCH 11, 1920.

Action for damages; from McDuffie superior court — Judge Henry C. Hammond. October 20, 1919.

*Cumming & Harper*, for plaintiff in error, cited 101 *Ga.* 747.