## 12621. HOWARD *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

Under the evidence it was for the jury to say whether the fire was caused by sparks emitted from the defendant's locomotive, and, if so, whether the locomotive was being operated with ordinary and reasonable care and safety; and the court erred in directing a verdict for the defendant.

DECIDED MARCH 9, 1922.

Action for damages; from McDuffie superior court — Judge Henry C. Hammond. June 8, 1921.

*John T. West & Son,* for plaintiff.

*Cumming & Harper,* for defendant.

JENKINS, P. J. When this case was here before, the verdict and judgment in favor of the plaintiff was set aside because, under the ruling of the Supreme Court in *Seaboard Air-Line Ry.* v. *Jarrell,* 145 *Ga.* 688 (89 S. E. 718), the evidence was not deemed sufficient to authorize the jury to find that the engine of the defendant caused the fire by the emission of sparks. *Louisville & Nashville R. Co.* v. *Howard,* 25 *Ga. App.* 83 (102 S. E. 456). On the second trial (in which a verdict for the defendant was directed by the court) there was additional testimony submitted by the plaintiff on this point

and also relative to the handling of the engine. There was evidence to show the slipping of the driving wheels of the locomotive, and the too rapid and unnecessary forcing of steam in the steam-chest, attended by the emission of an unusual quantity of sparks, which flew upward and higher than the house toward which the wind was blowing. Such evidence, when taken with the entire testimony, was sufficient to have authorized a finding that the fire was occasioned by sparks emitted from the defendant's locomotive; and, while (contrary to the facts in *Central of Georgia Ry. Co.* v. *Trammell,* 23 *Ga. App.* 25, 97 S. E. 461), we do not think the record discloses any testimony to combat the evidence submitted by the defendant, that the engine was then and there properly equipped with an approved spark-arrester, still, under the testimony disclosed by the record, it was for the jury to say whether the fire was occasioned by sparks emitted from the locomotive; and if so, it became their duty to determine whether or not the engine was then being operated with ordinary and reasonable care and safety. *Western & Atlantic R. Co.* v. *Maynard,* 139 *Ga.* 407 (1), (77 S. E. 399).

*Judgment reversed.    Stephens and Hill, JJ., concur.*