### 45402.   TRI-COUNTY GAS COMPANY OF PEARSON, INC. et al. v. BROOKER.

JORDAN, Presiding Judge. Brooker, the plaintiff, was the owner of a chicken house which, together with the equipment therein, was destroyed by fire on February 20, 1968, shortly after Davis, the individual defendant, had been working inside the house testing newly installed gas-burning brooders. Davis was an employee of Tri-County Gas Company of Pearson, Inc. The fire was allegedly caused by the negligent conduct of Davis. The jury found for the plaintiff, and the defendants appeal from the judgment thereon.

1. The procedures and time consumed by the plaintiff, based on

his own experience in lighting brooders, to "leave 'em where they're burning safely" was relevant to the vital issue for jury determination, i.e., whether the defendant Davis, in lighting and testing the brooders unassisted and in less time than the estimate of the plaintiff, had acted as an ordinarily prudent person to avoid causing a fire in the building. See Green, Georgia Law of Evidence, p. 168, § 67.

2. The testimony of the plaintiff on cross examination, objected to as hearsay and not responsive to a question to ascertain whether he had signed an extrajudicial statement, in that it includes the conversation which took place between the plaintiff and the person preparing the statement, discloses no harmful error. A witness whose testimony is sought to be impeached by showing that he has made an inconsistent extrajudicial statement is entitled to explain the circumstances under which he made the statement, and any conversation which took place, if relevant to explain his conduct, is admissible. See *Code* § 38-301; *Bivins v. State,* 200 Ga. 729, 740 (38 SE2d 273). The subsequent refusal of the trial judge to exclude substantially the same testimony, as adduced on direct examination, also discloses no harmful error.

3. Plaintiff's Exhibit No. 4, consisting of 14 gas valves, one for each brooder in the building which burned, which are identified as the same valves depicted in photographs at the scene of the fire (defendants Exhibits Nos. 1-14) was properly admitted in evidence.

4. Even though the plaintiff had admittedly installed used equipment in the building at a substantial saving in respect to the cost of new equipment, the testimony of an expert appraiser was not inadmissible in respect to his estimate of the replacement cost of equipment based on the price of new equipment, accompanied by an explanation that his estimate would differ by substituting the cost of used equipment. See *Code* §§ 38-1708, 38-1709; *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782).

5. The sequestration rule having been invoked, the trial judge acted in the exercise of a sound discretion in allowing a witness to testify who had been present in the courtroom. See *McKeever v. State,* 118 Ga. App. 386, 389 (163 SE2d 919).

6. The remaining enumerations raise the controlling issue of the sufficiency of the evidence to support the verdict and judgment in favor of the plaintiff. The circumstances in general eliminate any human agency as the cause of the fire except the individual defendant, acting as the servant of the corporate defendant, who lit and tested each of the gas-fired brooders in the building, and then left the building, which shortly thereafter was observed to be on fire. While he testified concerning the care which he exercised, this does not necessarily negate the strong inference created by his presence in the building and the use of fire therein, as indicative of some negligent act on his part as the proximate cause of the fire and the loss of the building and its contents. In view of this strong inference, the circumstantial evidence authorized the jury to find for the plaintiff. The damages found are well within the range of the evidence. A verdict being authorized for the plaintiff under the evidence, the trial judge properly refused to direct a verdict for the defendants.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970— REHEARING DENIED SEPTEMBER 29, 1970—

*Seymour S. Owens,* for appellants.
*J. Laddie Boatright, J. W. Story,* for appellee.