*J. Stephen Clifford,* for appellants.
*A. Ed Lane, Robert J. NeSmith,* for appellees.

49948, 49949. UNDERWOOD et al. v. LOWERY (two cases).

DEEN, Presiding Judge.

The sole question in this damage action is whether the evidence demands a verdict in favor of the defendant owner and defendant driver of a truck loaded with pulpwood. It is undisputed that witness A, driving after dark along an asphalt road about 24 feet wide, came upon a log in the road. He was able to swerve into the lane of opposing traffic and miss it (the area beyond the right lane being blocked by a ditch); that proceeding a short distance down the road he came up behind the defendants' truck and saw other logs drop off; that he managed to stop the truck, ascertained the owner, and reported the matter to the state patrol. Meanwhile the plaintiffs Lowery, driving in the same direction, came upon a log in the road in the same general location, were unable to stop or swerve to the left due to approaching traffic, and sustained the injuries complained of. Witness B, in a lane of approaching traffic, observed the disaster. Witness C, following the plaintiffs, saw the wreck and the log shortly after the actual collision. The jury returned a verdict in favor of the plaintiffs.

The motions for directed verdict and for judgment notwithstanding the verdict are based on the contention that there is only circumstantial evidence as to the defendants' involvement with the *particular* log which caused the injury, and that under the plaintiffs' evidence this log could not have fallen from the defendants' truck. The defendants testified that they were hauling pulpwood logs not over six feet in length. Witnesses A and C described the log they saw in the road as meeting defendants' description. However, the plaintiffs and witness A described the log as lying from the middle to the

end of the road, which would have made it ten or twelve feet long, and as being of much greater diameter than the logs described by the defendants and witnesses A and C.

The verdict did not result from a pyramiding of inferences, but from a logical choice between two theories of evidence. Either the log hit by Mr. Lowery was not as large as he thought, or there were two logs on the road at about the same place, Lowery hit the large one, and it then somehow vanished (into the ditch?) while the smaller one did not. Even admitting that there is direct and unimpeached evidence that the defendants' truck was not carrying a twelve-foot log, the fact that the three witnesses most closely involved thought it to have been larger than the opinion of the other witnesses does not preclude them from recovery. Eyewitness testimony as to size, like testimony as to speed, varies with the subjective observation recollection, and capability of correct judgment of the analyzer. Where no exact measurement is taken, evidence as to size, like evidence of speed, is a sort of conclusion based on the opinion of the witness and drawn from the circumstances which he recollects. Thus, in *Southern R. Co. v. Reed,* 40 Ga. App. 332 (9) (149 SE 582) it was held that where measurements were in fact given to the jury from which they could determine size, testimony by a witness as to his estimate of the size of an object was properly excluded.

The conflicting estimates as to the size of the log which was on the road was a conflict for the jury to resolve. The question of whether the log which they hit was in fact a log which fell from the defendants' truck was also a question of fact based on circumstantial evidence. The plaintiff is not required, even when relying only on circumstantial evidence, to establish his contentions to the exclusion of every other reasonable hypothesis. *Pelham Phosphate Co. v. Daniels,* 21 Ga. App. 547 (94 SE 846); *Central of Ga. R. Co. v. Trammell,* 23 Ga. App. 25 (97 SE 461). It will support a verdict if it preponderates to the hypothesis upon which the plaintiff's right of recovery is based. *Ready-Mix Concrete Co. v. Rape,* 98 Ga. App. 503 (106 SE2d 429). It must tend in a reasonable degree to establish the conclusion claimed and tend to render less probable alternative inconsistent conclusions. *Dalon*

*Contracting Co. v. Artman,* 101 Ga. App. 828 (115 SE2d 377). Even direct testimony may at times be disproved in the mind of the jury by inconsistent circumstances. *Grayson v. Yarbrough,* 103 Ga. App. 243 (119 SE2d 41). And, as stated in *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507 (167 SE2d 729) the inconsistency of all other contrary hypotheses need not be proved to the point of logical demonstration.

The evidence here authorized, although it did not demand, a verdict in favor of either party. The trial court properly overruled the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 2, 1974 — REHEARING DENIED DECEMBER 19, 1974.

*Fendig, Dickey, Fendig & Whelchel, Richard A. Brown, Jr.,* for appellants.

*Nathan & Nathan, A. A. Nathan, John P. Rivers,* for appellees.