65210. SAXON v. SYLVANIA MOBILE HOMES, INC.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Saxon appeals the grant of a directed verdict to defendant-appellee Sylvania Mobile Homes in an action seeking damages for the negligent destruction of appellant's mobile home. *Held:*

Appellant's evidence showed that he had purchased a new mobile home from appellee in October 1979. Appellee installed the home in a mobile home park for appellant, including connecting it to electric power. Appellant lived in the home until August 1980 when it was destroyed by fire while appellant was at his place of employment. Holley, a fire investigator, determined that the fire originated in a ceiling light fixture in the dining area of the home and was most probably caused by an electrical short. Donnelly, an engineer specializing in fire investigations, testified based on Holley's findings and photographs Holley had made of the burnt out home which included photographs of the connections of the external electrical power to the home. He stated that the most probable cause of the fire in the ceiling fixture was a high resistance electrical short circuit that was created by the home being improperly connected to the external electrical power by a three wire connection instead of a four wire connection as specified by manufacturers' and other safety codes. After appellant had presented the foregoing evidence the trial court granted the appellee's motion for a directed verdict.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a verdict, such verdict shall be directed." Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248).

In considering whether a verdict should be directed, "[t]he plaintiff is not required, even when relying only on circumstantial

evidence, to establish his contentions to the exclusion of every other reasonable hypothesis. [Cits.]" *Underwood v. Lowery,* 133 Ga. App. 629, 630 (212 SE2d 5).

When the evidence is subject to more than one construction at the time the motion for directed verdict is made, it does not demand a verdict for either party. *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (6) (188 SE2d 901).

" '[A] court cannot direct a verdict where there is any reasonable inference supported by evidence which would authorize a verdict to the contrary.' " *Kesler v. Kesler,* 219 Ga. 592 (1) (134 SE2d 811).

In the instant case when the motion for directed verdict was made, appellant's evidence showed that *appellee* had caused the connection of the home to electrical power to be made, that the connection was not properly made, and that in the opinion of an expert the most probable cause of the fire was the improper wiring connection which created a high resistance short circuit. Although both fire investigators admitted that the fire possibly may have been caused by other unspecified means, a reasonable inference supported by the evidence was that the fire was caused by the improper electrical connection. Accordingly, the trial court erred in directing the verdict.

*Judgment reversed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983.

*Dennis M. Hall,* for appellant.
*W. T. Millican III,* for appellee.