67562. MARYLAND CASUALTY COMPANY v. RHODEN et al.

CARLEY, Judge.

The instant declaratory judgment action involves the construction of the uninsured motorist provisions of an insurance policy. Appellant-Maryland Casualty Company is the uninsured motorist carrier for appellee-Sidney Rhoden. The uninsured motorist endorsement of Mr. Rhoden's policy provides that he "or any family member" is an "insured" thereunder. In addition, the endorsement specifically defines an "insured" as including: "Anyone for damages he is entitled to recover because of bodily injury sustained by another insured." However, the endorsement also specifically provides that "[t]his insurance does not apply to: . . . Anyone using a vehicle without a reasonable belief that the person is entitled to do so."

Jennifer Rhoden is Mr. Rhoden's minor unmarried child. On the day in question, Miss Rhoden was a passenger in her father's automobile. The automobile was being operated by David Horton, who is a friend of Miss Rhoden's and also a minor. Neither Miss Rhoden nor Mr. Horton had permission to use Mr. Rhoden's automobile. A collision occurred and Miss Rhoden was injured.

The Rhodens filed an action against Mr. Horton. Appellant, as Mr. Rhoden's uninsured motorist carrier, was also served a copy of the complaint. Mr. Horton's liability carrier filed the instant declaratory judgment action, seeking an adjudication that it afforded him no coverage for the collision. Appellant filed a counterclaim and cross-claim for declaratory judgment, seeking an adjudication that it afforded no uninsured motorist coverage to either Mr. Rhoden or Miss Rhoden for the collision. Both insurers moved for summary judgment. The motion of Mr. Horton's liability carrier was granted. The motion of appellant was granted as to Miss Rhoden. This ruling was based upon the policy's exclusion of coverage for "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so." Appellant's motion was denied, however, as to Mr. Rhoden's claims, which were premised upon recovering for his daughter's medical expenses and for the loss of her services. This ruling was based upon the policy's definition of an "insured" as "[a]nyone for damages he is entitled to recover because of bodily injury sustained by another insured." The trial court certified for immediate review its order on appellant's motion for summary judgment. This court granted

appellant's application for an interlocutory appeal from the denial of its motion for summary judgment as to Mr. Rhoden's claims.

Appellant's contention is that, having found that Miss Rhoden was not afforded primary coverage under the endorsement for her own bodily injuries, the trial court erred in failing to further rule that coverage was likewise not afforded to Mr. Rhoden for any damages that he may have incurred as the result of his daughter's bodily injury. Specifically, appellant asserts that since the ruling regarding Miss Rhoden established that she was not an "insured" for purposes of her own bodily injuries, it must follow as a matter of law, that Mr. Rhoden was not within the definition of an "insured" as "[a]nyone . . . entitled to recover because of bodily injury sustained by *another insured*." (Emphasis supplied.) Appellant contends that, given the fact that Miss Rhoden has been held not to be entitled to recover under the uninsured motorist endorsement, her father is, for that reason alone, likewise precluded from recovering for such damage as *he* might have incurred as the result of his daughter's injuries.

We start with the proposition that "[t]he purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage 'to facilitate indemnification for injuries to a person who is legally entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers.' [Cit.] Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose. [Cits.]" *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 51 (268 SE2d 632) (1980). The propriety of the grant of summary judgment to appellant as to the claims of Miss Rhoden is not before us. However, even assuming that the ruling with reference to Miss Rhoden's claims was correct, its proper basis would not be that she lacked the status of an "insured" under the uninsured motorist endorsement of the policy. Miss Rhoden is a member of her father's family and a resident of his house and, as such, she is an "insured" under the unambiguous terms of both the policy itself and of the relevant "remedial" statute. See OCGA § 33-7-11 (b) (1) (B). If the ruling regarding Miss Rhoden's claims is correct, and we do not intimate that it is, it is solely because she was not afforded coverage under the facts surrounding her injuries. There is, of course, a distinction between the general status of an individual as an "insured" under a policy and his capacity as an insured who is afforded "no coverage" because his injury is specifically excluded from the ambit of the insured risk. See generally *Shaw v. State Farm Mut. Auto. Ins. Co.*, 107 Ga. App. 8 (129 SE2d 85) (1962). Thus, Miss Rhoden may not have been afforded "coverage" because her injury comes within specific exclusionary language of the policy. She was, however, an "insured" as generally defined under the provisions of her father's policy.

Mr. Rhoden is suing in *his own* capacity as an "insured" under a policy which purports to insure "[a]nyone for damages he is entitled to recover because of bodily injury sustained by another insured." As discussed above, Miss Rhoden has the status of "another insured" under the policy, regardless of the fact that, under the specific circumstances, "coverage" for her own injuries may not have been afforded to her under the terms of the policy. For "[a]nyone" to be an insured under the relevant provision, all that is required is that bodily injuries be *sustained* by another insured. There is no additional requirement that primary coverage for those bodily injuries be afforded the other "insured" as a condition precedent to the extension of coverage to "[a]nyone" else who is himself damaged as the result of those bodily injuries. There is no specific exclusion rendering the coverage otherwise afforded to "[a]nyone" ineffective in that event. It would certainly not be in keeping with the remedial purpose of the uninsured motorist statute to construe the policy in question as containing an implicit limitation on the right of "[a]nyone" who is an innocent victim of an irresponsible driver to recover such damages as *he* has himself suffered. *Smith v. Commercial Union Assurance Co.*, supra. See also *American Protection Ins. Co. v. Parker*, 150 Ga. App. 732 (258 SE2d 540) (1979).

Mr. Rhoden's daughter is "another insured" under the uninsured motorist endorsement of his policy. She sustained bodily injuries in an automobile collision. Regardless of whether his daughter is afforded primary coverage under the policy, Mr. Rhoden is an "insured" thereunder for such damages as *he* might be entitled to recover as the result of his daughter's bodily injuries. The trial court did not err in so holding.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 18, 1984.

*Rufus D. Sams III, Charles L. Ruffin*, for appellant.
*Charles E. Moore, Robert S. Slocumb, Robert C. Semler, Brian A. Boyle*, for appellees.