A95A1542. PAGE v. ATLANTA CENTER LTD.
(465 SE2d 456)

BEASLEY, Chief Judge.

Page appeals the trial court's order granting appellee's motion for summary judgment. He sued appellee Atlanta Center Ltd., d/b/a The Atlanta Hilton and Towers ("Hilton"), for personal injuries he allegedly sustained as a result of inhaling smoke from a small fire at the hotel. At the time, Page was a 74-year-old resident of Waco, Texas, and was in Atlanta attending a veterans' reunion on the second floor of the hotel when the fire broke out in a linen closet on the seventh floor. The flame damage was limited to the closet where the fire started, and smoke damage was limited to the closet and a small area

adjacent to it on the seventh floor. The fire was extinguished within approximately 20 minutes of its discovery.

When the fire started, the power to one of the main switchboards shut down, preventing evacuation horns from sounding and ventilation fans from automatically running. The fans were manually turned on to blow the smoke upwards and out hatches located on the 28th floor. Guests were asked to remain in the second floor lobby atrium until the hotel was declared safe for occupancy by the fire department. Both the affidavit and the deposition of the Assistant Director of Security and Safety for the hotel state that this area was observably free of smoke and fumes. Page deposed that as he walked across the second floor to reach the men's rest room, he passed through dense clouds of brown smoke with a chemical smell. The affidavits of a couple also attending the veterans' conference state that they saw hazy, gray smoke on the second floor that smelled like smoke from an electrical fire.

Two days after the fire, Page went to a nearby hospital emergency room complaining of difficulty breathing. The hospital staff gave him antibiotics and recommended he remain in the hospital. Page refused and drove with his son back to Waco to a local hospital, where he was diagnosed with pneumonia and — for the first time — asthmatic bronchitis.

Page began smoking cigarettes in approximately 1932 and continued to smoke through 1989. In 1985, Page was diagnosed with emphysema by a local physician in Waco, whose x-ray studies of Page from before and after the fire indicate he had developed "interstitial fibrosis" (scarring of the lung) in the later x-rays. In his deposition, the doctor stated that either pneumonia or inhaling chemicals could cause the scarring, but he did not know which had been the cause in this case. Page's $O_2$ saturation level decreased from 92-93 percent in 1988 through 1990 to 86-87 percent after the fire. Page was placed on oxygen in September 1992 and has used it on a continuous basis since then.

Page alleges that genuine issues of material fact remain as to whether the Hilton negligently breached a duty to Page, proximately causing the exacerbation and acceleration of his lung condition. He contends that sufficient circumstantial evidence was submitted to allow a jury to determine whether a Hilton employee started the fire through "careless smoking," making Hilton liable for negligence through a theory of respondeat superior. See *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). Page offers the following evidence in support of the "careless smoking" allegation. The fire investigator gave depositional testimony that all other causes, besides careless smoking, had been eliminated. Only four Hilton employees had keys to the linen closet, and one was a smoker. Ashtrays were

found in the linen closet after the fire. Page's own expert fire investigator testified that he could not determine whether it was a Hilton employee who caused the fire.

Page cites *Saxon v. Sylvania Mobile Homes*, 165 Ga. App. 47 (299 SE2d 52) (1983); *Lincoln Prop. Co. No. 4 of Atlanta v. Stasco Plumbing*, 130 Ga. App. 767 (204 SE2d 449) (1974); and *Tri-County Gas Co. of Pearson v. Brooker*, 122 Ga. App. 522 (177 SE2d 806) (1970), as standing for the proposition that circumstantial evidence that a Hilton employee's careless smoking caused the fire is sufficient to send an issue to a jury. These cases are distinguishable. In each of them, a reasonable inference of the defendant's negligence could be drawn from the evidence presented. In *Saxon*, supra at 48, plaintiff offered direct evidence defendant caused an improper electrical connection, which the expert witness termed the most probable cause of the fire at issue. In *Lincoln*, supra at 767-768 (1), there was direct evidence that a plumber was working indoors with a blowtorch, which the expert witness stated was one of two probable causes of a fire. In *Brooker*, supra at 524 (6), inferences from the circumstantial evidence were sufficient to authorize a jury to find defendant's employee started a fire in a chicken coop while lighting gas brooders. In contrast, there is only speculation and conjecture that careless smoking of an employee caused the Hilton fire.

When a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions. See *Tepper v. Marty's, Inc.*, 139 Ga. App. 140, 141 (1) (228 SE2d 32) (1976) citing *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (1) (57 SE 1076) (1907). See also *Kilgore v. Nasworthy*, 124 Ga. App. 261, 262 (6) (183 SE2d 481) (1971), where the court approved this charge to the jury: "The evidence must be sufficient to establish a reasonable inference that the fire originated as claimed by the plaintiffs, and that if it raises only a mere conjecture as to whether the fire was or was not so occasioned, no recovery could be had."

Since there is no evidence that the closet door was locked or that a Hilton employee was in the closet smoking near the time of the fire, or left a cigarette or match burning there, Page's evidence fails to raise a reasonable inference of negligence.

In order to maintain his action for negligence, Page must establish four elements : 1) a duty, 2) a breach of that duty, 3) a causal link between breach and injury, and 4) damages. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), established a rule for review of summary judgments in negligence cases, stating, "If there is no evidence sufficient to create a general issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." The moving party does not have to disprove each element; rather, the burden

may be discharged by "pointing out by reference to . . . the record that there is an absence of evidence to support the nonmoving party's case." Id. Page cannot establish that a Hilton employee breached a duty owed to him, even taking the facts in the light most favorable to him. Under *Lau's*, the absence of this essential element precludes recovery and leaves moot the other issues raised by Page.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 31, 1995 —
RECONSIDERATION DENIED DECEMBER 11, 1995.

*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith*, for appellant.

*Todd A. Schweber, Neal C. Scott*, for appellee.