## A00A1928. BERRY et al. v. HAMILTON et al.

(541 SE2d 428)

ANDREWS, Presiding Judge.

Lezlie Berry, the administrator of Wanda Martin's estate, and Martin's husband, Irvin Royer, and two children (Berry) appeal from the trial court's grant of summary judgment to defendant Robert Hamilton and John Doe drivers one and two on Berry's complaint for Martin's wrongful death. Because Berry has produced no evidence sufficient to raise a question of fact as to whether Hamilton or the John Doe drivers were the proximate cause of Martin's death or that Hamilton or either of the John Doe drivers was negligent, we affirm.

This case arose when Martin was riding her motorcycle on Interstate 285 at around 2:00 a.m. At some point, Martin fell off her motorcycle and was killed, either by the fall or after being struck by a passing car or cars. At 2:23 a.m., someone called 911 on a mobile phone and told the operator that there was a motorcycle on the side of the roadway with lights flashing but she did not see a rider. Sometime after this call, Hamilton was driving past the accident scene when he felt his right wheel go up and over something, but did not see what he hit. Hamilton drove to the next exit and called 911. The police dispatcher told him there had been a wreck and he should go back to the scene of the accident. After officers arrived at the scene, they saw two other cars drive over Martin's body before they could stop traffic.

Berry, the administrator of Martin's estate, and Martin's husband, Royer, sued both Hamilton and the two John Doe drivers for wrongful death. The court granted summary judgment to all defendants, and this appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

> To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some

loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 901 (499 SE2d 365) (1998). The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the plaintiff carries her burden of proof and shows that the accident was caused by specific acts of negligence of the defendant. *Cromer v. Hodges*, 216 Ga. App. 548 (455 SE2d 94) (1995).

In this case, there is no evidence that either Hamilton or either of the John Doe drivers proximately caused Martin's death or that Hamilton or either of the John Doe drivers was negligent. No eyewitness to Martin's fall from her motorcycle came forward. In addition, it is unclear how long Martin remained in the roadway after she fell off the motorcycle and before Hamilton ran over her. The investigating officer stated that when he arrived on the scene, the motorcycle was in the far right-hand lane and Martin's body was on the line between the far left-hand lane and the lane next to it. The officer said that it had been raining earlier and was still raining when officers first arrived at the scene and Martin was wearing a black leather jacket, blue jeans, black socks and black boots. The officer testified that he knew of three vehicles that struck Martin and could not say if other vehicles struck her before officers arrived. He also stated that it was apparent from the accident scene that Martin's body had traveled some 160 feet down the roadway at some point after falling from the motorcycle. The officer did testify that the motorcycle was not severely damaged, but also stated that he had no way of knowing whether Martin was alive when she was struck by any of the three known vehicles.

At his deposition, Hamilton testified that it was raining that night and he was traveling under the speed limit because of the rain. His unrefuted testimony is that because of the rain and Martin's dark clothing, he never saw her in the roadway. In addition, because there was a fatality involved, Hamilton agreed to a blood test which was negative for alcohol and drugs. The only testimony in the record about the John Doe drivers was that two cars were seen running over the body after officers arrived and there was no evidence that they were violating any traffic laws or failing to use due care.

The medical examiner testified that Martin "could have died as a result of striking the roadway, she could have died as a result of being struck by multiple vehicles. Any of those things could have caused her injuries." The doctor stated she had multiple injuries which were life threatening and it was impossible to know in which order she received the injuries. When asked if Martin could have survived the fall off the motorcycle, the doctor replied that anything was

possible. For instance, if her speed was five mph, she could have survived; if her speed was sixty mph, in all likelihood, she would not survive.

Berry argues on appeal that there was circumstantial evidence that the court ignored in granting defendants' motion for summary judgment. She claims that the officer's testimony that the motorcycle was only minimally damaged and the medical examiner's testimony that Martin could have survived a fall from her motorcycle are enough to raise a reasonable inference that Martin was alive when Hamilton or the John Doe drivers struck her. We disagree.

"When a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions." *Page v. Atlanta Center*, 219 Ga. App. 422, 424 (465 SE2d 456) (1995). The circumstantial evidence must be sufficient to establish a reasonable inference that Hamilton or the John Doe drivers caused Martin's death. If it raises only a mere conjecture as to how she died, there can be no recovery. Id.

There is no evidence that Hamilton or the John Doe drivers were negligent. Indeed, the undisputed evidence is that Hamilton was driving within the speed limit and because of the rain and Martin's dark clothing, he was unable to see her lying in the roadway.

There is also no evidence that Hamilton or the John Doe drivers were the proximate cause of Martin's death. The doctor testified that if Martin was traveling 60 mph, she probably did not survive the fall from the motorcycle. Even if Berry could raise a reasonable inference that Martin survived the fall, there is no evidence that Martin was still alive when Hamilton or the John Doe drivers drove over her. See *Cromer*, supra; *Tuggle*, supra. Therefore, the trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 1, 2000.

*James Brantley*, for appellants.
*Harper, Waldon & Craig, Thomas D. Harper, Downey & Cleveland, Joseph C. Parker*, for appellees.