A01A1935. PHILLIPS et al. v. SOUTH WEST MECHANICAL CONTRACTORS, INC. et al.
(561 SE2d 471)

MILLER, Judge.

Alleging negligence, Tina Phillips and James Stacy sued South West Mechanical Contractors, Inc., Arthur Payton, Michael Mahlum, and John Doe[1] for the death and suffering of their son resulting from a vehicle accident. South West, Payton, and Georgia Farm Bureau Mutual Insurance Company successfully moved for summary judgment. Phillips and Stacy now appeal this ruling, and upon review, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant need not produce any evidence, but must only point to an absence of evidence to support at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant." (Citation omitted.) *Berry v. Hamilton*, 246 Ga. App. 608 (541 SE2d 428) (2000).

---

[1] John Doe was named as a defendant so the appellants could seek uninsured motorist coverage from their insurer, Georgia Farm Bureau Mutual Insurance Company.

So viewed, the evidence reveals that while driving on Georgia Highway 400, Payton experienced problems with the dump truck he was driving for his employer, South West. Payton pulled over into the emergency lane and halfway into the grass to the right of the emergency lane to investigate the problem. Payton and his supervisor determined that there was a fuel problem, and both left the dump truck in the emergency lane to get a fuel filter. Upon returning and realizing that replacement of the fuel filter did not correct the problem, the two men spoke with the owner of South West and were told to leave the truck as the owner would come the next day to replace the fuel pump. Approximately thirty-six hours later, after midnight, the decedent and another teenager were traveling along Georgia Highway 400 on a stolen one-passenger all-terrain vehicle (ATV), without a headlight, and in excess of 65 mph. The driver of the ATV and a third teenager had stolen the ATV the previous day, and the passenger, the decedent, was aware of this fact. The ATV veered into the emergency lane and struck the left rear of the dump truck. Both youths were thrown from the vehicle, and the decedent, who was riding on the back of the ATV, was thrown onto the highway, struck by an unknown vehicle, and killed.

The appellants' enumerations claim that the court erred in finding certain issues of fact or erred in failing to find certain issues of fact. We point out that the trial court is not required to make findings of fact and conclusions of law in ruling on a motion for summary judgment. *Thompson v. City of Fitzgerald*, 248 Ga. App. 725, 729 (3) (548 SE2d 368) (2001); *Thomas v. DeKalb County*, 227 Ga. App. 186, 188 (1) (489 SE2d 58) (1997). Therefore, upon our de novo review, we will consider the appellants' enumerations to determine if the grant of summary judgment was improper.

1. Appellants argue that South West was negligent in leaving the dump truck on the side of Georgia Highway 400.

> To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation omitted.) *Berry*, supra, 246 Ga. App. at 608-609. The mere fact that an accident has occurred and a plaintiff was injured affords no basis for recovery unless the plaintiff carries her burden of proof and shows that the accident was caused by specific acts of negligence

of the defendant. Id. at 609. Although questions of negligence are ordinarily for the jury, plain and palpable cases can be decided by summary adjudication. *Quiktrip Corp. v. Fesenko*, 228 Ga. App. 287, 288-289 (491 SE2d 504) (1997). This is such a case. Here, there is no evidence that South West was negligent in leaving the disabled dump truck partially in the emergency lane and partially off-road. Appellants contend that South West violated OCGA §§ 40-6-200 (d) (proper parking) and 40-6-203 (a) (1) (I) (prohibited parking), but under OCGA § 40-6-204, these Code sections "shall not apply to the driver of any vehicle which is disabled while on the roadway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." It is uncontradicted that the dump truck was disabled, and we find no legislative authority or case precedent to support the argument that leaving the truck for 36 hours on Georgia Highway 400 constituted negligence. Nor is any negligence per se shown, as the dump truck was not parked in the highway in such a way as to obstruct traffic or in the emergency lane in violation of a statute. See, e.g., *Storer Communications v. Burns*, 195 Ga. App. 230 (393 SE2d 92) (1990).

Notably, in *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 639-640 (1) (519 SE2d 722) (1999), this court stated that by driving a disabled truck out of the travel lanes and onto the emergency lane, the plaintiff was attempting to prevent a collision. Therefore, we see no legal duty to which South West failed to conform. As appellants have pointed to no specific evidence giving rise to a triable issue, the grant of summary judgment to South West was proper. See OCGA § 9-11-56 (e).

2. The appellants also named John Doe as a defendant in their complaint in order to seek uninsured motorist coverage from their insurer, Georgia Farm Bureau. They further argue that they are entitled to uninsured motorist benefits for the collision between the ATV and the dump truck.

(a) Appellants argue that the separate collision between the ATV and the dump truck entitled them to uninsured motorist coverage. It is undisputed that the decedent was an insured under the automobile policy. The exclusion to the policy, however, states that "[Georgia Farm does] not provide Uninsured Motorists Coverage for 'property damage' or 'bodily injury' sustained by any person: . . . 3. Using a vehicle without a reasonable belief that that person is entitled to do so."

The appellants cite *Maryland Cas. Co. v. Rhoden*, 170 Ga. App. 704 (318 SE2d 175) (1984), to support the argument that they are entitled to uninsured motorist coverage because the "reasonable belief" exclusion does not apply. In *Rhoden*, the automobile owner's daughter was a passenger in an automobile being operated by her

friend. Id. Neither the daughter nor her friend had permission to use the vehicle. Id. A collision subsequently occurred, and the daughter was injured. Id. The insurance policy contained a "reasonable belief" exclusion similar to the one at issue in this case. Id. This court held that even though the daughter could not recover for her own injuries, the father could recover because the policy also stated that an "insured" is "[a]nyone for damages he is entitled to recover because of bodily injury sustained by another insured." (Punctuation omitted.) Id. at 706. *Rhoden* is distinguishable, however, because the father sued in his *own* capacity as an "insured" to recover damages that *he* suffered. Here, the parents of the decedent sued as heirs of his estate to recover benefits that the decedent would be entitled to under the policy.

Under Georgia law, "an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." (Footnote omitted.) *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996). Here, the policy clearly excludes coverage where the insured uses a vehicle without a reasonable belief that he was entitled to do so, and the evidence establishes that the decedent was fully aware that the ATV was stolen and that he did not have permission to use it. Therefore, the exclusion must be given effect even if beneficial to the insurer and detrimental to the insured. See *Jefferson Ins. Co. of New York v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998). "We will not strain to extend coverage where none was contracted or intended." (Citation omitted.) Id.

(b) The appellants also contend that they are entitled to uninsured motorist coverage due to the negligence of John Doe in striking the decedent. Law enforcement determined that the decedent was struck by another automobile. The autopsy report revealed that the decedent was still alive prior to being struck by the John Doe vehicle. There is, however, an absence of evidence showing that John Doe's acts or omissions constituted negligence. There were no eyewitnesses to the collision and no other evidence presented as to how it occurred. "The purpose of the uninsured motorist legislation is to require some provision for first-party insurance coverage to facilitate indemnification for injuries to a person who is *legally entitled to recover damages from an uninsured motorist*, and thereby to protect innocent victims from the negligence of irresponsible drivers." (Citations omitted; emphasis in original.) *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313, 315 (2) (529 SE2d 439) (2000).

Here, the appellants have failed to come forward with any evidence which raises a question of fact as to John Doe's negligence. See *Etheredge v. Kersey*, 236 Ga. App. 243, 245 (510 SE2d 544) (1998).

The only fact the appellants point out is that after the decedent was struck by John Doe's vehicle, another vehicle approached and was able to avoid striking the decedent's body. This inference is not evidence of John Doe's negligence without further evidence of how long after John Doe struck decedent did the second vehicle approach, or how long after the decedent was thrown from the ATV did John Doe strike him. "When a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions." (Citations omitted.) *Page v. Atlanta Center*, 219 Ga. App. 422, 424 (465 SE2d 456) (1995). And as stated earlier, the mere fact than an accident happened affords no basis for recovery unless it is shown that the accident was caused by specific acts of negligence. *Berry*, supra, 246 Ga. App. at 609. Therefore, as there is no evidence that appellants are legally entitled to recover damages from an uninsured motorist, the trial court did not err in granting summary judgment to Georgia Farm Bureau. Cf. *Hicks v. Doe*, 206 Ga. App. 596, 598 (4) (426 SE2d 174) (1992).

3. Appellants' argument that they are entitled to punitive damages against South West is without merit, as such a claim was derivative of the negligence claim against South West. See *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 67-68 (3) (537 SE2d 670) (2000). As we held in Division 1 that South West was entitled to summary judgment on the appellants' negligence claim, summary judgment was also proper for the appellants' claim for punitive damages. See id. at 68 (3).

4. In light of our holding in Division 1, appellants' remaining enumerations are moot.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 7, 2002.

*Hinton & Powell, Douglas R. Powell, Debra K. Haan, Dietrick, Evans, Scholz & Williams, Scott E. Tinnon,* for appellants.

*Price, Pyles, Dangle, Parmer & Rooks, Robert F. Dangle, Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr., James A. Rice, Jr., William P. Tinkler, Jr.,* for appellees.