## A03A0895. MOBLEY v. NABISCO, INC.
### (590 SE2d 741)

MILLER, Judge.

Katie Mobley appeals from the grant of summary judgment to Nabisco, Inc. on her wrongful death claim, which arose out of an automobile accident in which her husband died. Mobley's husband first collided with a truck driven by a man who fled from the accident scene; after the husband's body was thrown violently to the ground following this impact, he was later hit by a Nabisco truck driven by an employee of the company. Since Mobley failed to present any evidence that her husband was alive after the first impact with the driver who fled the scene, we hold that the trial court properly granted summary judgment to Nabisco.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that the victim was driving a motorcycle on the highway in the early morning hours of August 7, 1997. Suddenly, a truck driven by Marcelo Gomez pulled into the path of the victim. The victim slammed into Gomez's truck at approximately 60 mph. The victim was thrown from his motorcycle and

landed in the middle of the highway. A large pool of blood or some other form of liquid had come from and collected around the victim's body, and his arm moved from his motorcycle helmet to the pavement. Witnesses who saw the victim lying in the roadway could not tell if the victim was alive or dead. Gomez fled from the scene.

Less than a minute later, Tony Hawkins, a Nabisco employee, drove a Nabisco truck over the victim's body. At the time, Hawkins was traveling 40-45 mph and tried to avoid hitting the victim's motorcycle, as the motorcycle was still in the highway along with the victim's body. Hawkins only saw the motorcycle at the time and did not recall seeing the victim lying in the road.

Mobley sued Nabisco for the wrongful death of her husband, and Nabisco moved for summary judgment. The trial court granted Nabisco's motion, prompting this appeal.

Since Mobley did not present any evidence that her husband was still alive after the accident with Gomez (and before he was hit by Hawkins), the trial court properly granted summary judgment to Nabisco. Mobley presented no medical records, autopsy reports, death certificate, or other evidence indicating that her husband was alive at the time that he was struck by the second vehicle. Compare *Phillips v. South West Mechanical Contractors*, 254 Ga. App. 144, 147 (2) (b) (561 SE2d 471) (2002). The fact that the victim's arm fell from his helmet to the ground when he hit the pavement, without more, is not evidence that the victim was alive after the first impact. Even assuming that the Nabisco driver was somehow negligent, Mobley still could not support a wrongful death cause of action against Nabisco without presenting evidence that her husband was alive before he was hit by the second vehicle. See *Berry v. Hamilton*, 246 Ga. App. 608, 610 (541 SE2d 428) (2000). Having failed to present any evidence that the second accident caused the husband's death, the trial court properly granted summary judgment to Nabisco. Id.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED NOVEMBER 14, 2003 —
RECONSIDERATION DENIED NOVEMBER 26, 2003 —

*Grist & Brock, Joel M. Grist, Jr.*, for appellant.
*Jones, Cork & Miller, Carr G. Dodson*, for appellee.