A05A1863. LAVIANO v. TRAVELERS INSURANCE COMPANY.
(624 SE2d 189)

ANDREWS, Presiding Judge.

Trent Laviano was crossing a street in December 1999, when he was hit by a vehicle driven by Jarvis Kirkland. Because Kirkland was uninsured, Laviano named as defendants in his suit against Kirkland Auto-Owners Life Insurance Company, his own uninsured motorist carrier, and Travelers Insurance Company, whose coverage would be secondary.

Both uninsured motorist carriers were served and each filed an answer in its own name. During discovery, a dispute arose between Laviano and Travelers, resulting in a finding of contempt against Travelers on April 26, 2004. The trial court struck Travelers' answer and amended answer pursuant to OCGA § 9-11-37 (b) (2) for failure to comply with its order compelling discovery, found the company in default, and awarded attorney fees to Laviano on the discovery dispute.

On June 11, 2004, Laviano filed his motion for damages hearing on unliquidated damages based on Travelers' default as a result of the striking of its answer. Thereafter, a default was entered against Kirkland as a sanction for failing to respond to discovery requests. Following a jury trial, however, a verdict in favor of Kirkland and Auto-Owners was filed, and judgment was entered on the jury's verdict dismissing plaintiff's action against these two parties. On July 23, the trial court entered its order finding Laviano was not entitled to a hearing on damages against Travelers since it was no longer a defendant and denying Travelers' motion for reconsideration on striking its answer.

The issues on appeal are whether, a verdict having been rendered by a jury for the tortfeasor Kirkland and Laviano's primary uninsured motorist carrier, Auto-Owners, Laviano is entitled to a damages hearing against Travelers, and whether Laviano has carried his burden on appeal.

The pretrial order in this case reflects that Auto-Owners admitted that it provided uninsured motorist coverage to Laviano, but denied that Kirkland was negligent, asserted that negligence of Kirkland, if any, was not the proximate cause of any injuries to Laviano, and that Laviano was contributorily negligent.

> "The purpose of the uninsured motorist legislation is to require some provision for first-party insurance coverage to facilitate indemnification for injuries to a person who is *legally entitled to recover damages from an uninsured motorist,* and thereby to protect innocent victims from the negligence of irresponsible drivers." (Citations omitted; emphasis in original.) *Brown v. State Farm [&c.] Ins. Co.,* 242 Ga. App. 313, 315 (2) (529 SE2d 439) (2000).

*Phillips v. South West Mechanical Contractors,* 254 Ga. App. 144, 147 (2) (b) (561 SE2d 471) (2002). See also *Brown v. State Farm &c. Ins. Co.,* supra.

Here, the jury heard the evidence and determined that Laviano was not legally entitled to recover from Kirkland or Laviano's primary uninsured motorist carrier, Auto-Owners. See *Maxwell v. State Farm &c. Ins. Co.,* 196 Ga. App. 545 (1) (396 SE2d 291) (1990) (Having answered in its own name, the uninsured motorist carrier contests tort liability as well as coverage.). Only two portions of the trial transcript have been designated by Laviano and Travelers for inclusion in the record before us and they reflect discussions of counsel and the court, not evidentiary matters.

The burden is always on the appellant in asserting error to show it affirmatively by the record and transcript. The brief cannot serve

in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error. *State v. O'Quinn*, 192 Ga. App. 359, 360 (1) (384 SE2d 888) (1989). Further, "[e]very presumption of legality will be made in favor of a judgment by a court of competent jurisdiction[,] and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding." (Citations and punctuation omitted.) *First Financial Ins. Co. v. Mathis*, 214 Ga. App. 537, 539 (448 SE2d 87) (1994). See also *Bank South v. Zweig*, 217 Ga. App. 77, 79 (2) (456 SE2d 257) (1995).

Travelers' policy of insurance is not in the record before us. Although counsel for Travelers mentions the owner of the policy, who is not Laviano, in his brief, that will not suffice to prove that fact. *State v. O'Quinn*, supra; see *Clarendon Nat. Ins. Co. v. Sledge*, 261 Ga. App. 661, 663 (583 SE2d 514) (2003). Therefore, Laviano has failed to show entitlement to coverage under the Travelers' policy or that the policy would apply in light of the jury's verdict and judgment in favor of Kirkland and Auto-Owners. See *Brown v. State Farm &c. Ins. Co.*, supra.

The trial court, prior to trial, stated this procedural posture by announcing that no damages hearing would be held against Travelers, but that the discovery sanction striking its answer meant that Travelers would not participate in the trial against Kirkland and Auto-Owners. Further, "should there be a judgment in excess of $100,000 [apparently Auto-Owners' policy limits], . . . [Travelers] will be liable for any excess up to $300,000 [apparently Travelers' policy limits]."

Also,

> "[t]he statutory right to judgment following default is not an indefeasible right, but may or may not be asserted ([cits.]), and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. [Cits.] Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment. [Cits.] Acts which have been held to constitute waiver include: . . . joining issue upon the pleadings ([cit.]), going to trial on the merits ([cit.]), or announcing ready for trial and introducing evidence on the merits ([Cit.]). . . . [T]hese indicia of waiver are present in the instant case." *Ewing v. Johnston*, 175 Ga. App. 760, 764-765 (1) (334 SE2d 703) (1985).

*Hamm v. Willis*, 201 Ga. App. 723, 725-726 (3) (b) (411 SE2d 771) (1991).

The judgment of the trial court is affirmed.
*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 18, 2005 —
RECONSIDERATION DENIED DECEMBER 2, 2005 —

*Moore, Ingram, Johnson & Steele, Jeffrey A. Daxe, T. Shane Mayes*, for appellant.

*Downey & Cleveland, George L. Welborn, Magill & Atkinson, Thomas E. Magill*, for appellee.