34969.  COMBS *v.* CAROLINA CASUALTY INSURANCE CO.

DECIDED MAY 4, 1954.

*Casper Rich,* for plaintiff in error.

*Nall, Sterne & Miller,* contra.

QUILLIAN, J. The question presented by this case is whether the word "public" as used in Code § 68-612, providing for the giving by motor common carriers of indemnity bonds or insurance policies in lieu of bonds for the protection of the "public", is broad enough to include a fellow servant of an agent or servant of a motor common carrier so as to make the surety on a bond, or the insurance company issuing a policy of insurance in lieu of bond, liable to such servant injured as a result of the concurring negligence of his fellow servant and of the employer, as alleged in this case. Upon a careful consideration of the pertinent statutes and decisions, we have concluded that the insurance company is not liable under the circumstances alleged.

The determination of the question what the word "public" as used in Code § 68-612 means depends on a construction of the section as a whole. Even if the word "public" is broad enough to include the fellow servant of an agent or servant of a motor common carrier, it does not mean that the bond, or indemnity insurance policy given in lieu of bond, covers a servant of the carrier because the section states that the bonds (and insurance) shall be for the benefit of any person who shall sustain "action-

able injury" or loss protected by the bond or insurance. "Actionable injury" means an injury to a person who could sue the carrier and obtain a judgment for the injuries sustained. Under the laws of Georgia, of which the General Assembly knew when it wrote and amended the act now embodied in the Code section referred to, a master is not liable for damages for the negligence of a fellow servant generally, and if a case is such that a master is so liable at common law generally the master would not be subject to suit and judgment if the carrier and employee came under the Georgia Workmen's Compensation Act. The plaintiff in error concedes in this case, and rightly so, that in no event, because of what has just been stated, could he have successfully sued the carrier, his master. Since that is true, if the carrier had executed a bond, there would have been no way for the plaintiff in error to recover thereon, because he could not have recovered a judgment against the surety for the reason that he could not have recovered a judgment against the principal for the reasons above stated. *Gartrell* v. *Johns,* 15 *Ga. App.* 671 (84 S. E. 175). See also *Maryland Casualty Co.* v. *Dobson,* 57 *Ga. App.* 594, 597 (2) (196 S. E. 300). Since the plaintiff in error would have had no recourse against the surety under the bond, he has none under the indemnity insurance policy because it is not logical or reasonable to think that the legislature intended to preclude a servant's recovery under a bond and to allow it under an alternative indemnity provision. If this were not true, the law would not be uniform, and the words "actionable negligence" in the Code section would have a double meaning depending on whether a bond or an insurance policy is involved. Another reason why "actionable negligence" means actionable negligence for which the carrier is subject to suit and judgment is the amendments to the act embodied in the Code section, providing that the carrier and its surety or the carrier and its insurance carrier may be joined in the same action. If the Code section means what the plaintiff in error contends, surely the legislature would have provided that (if the carrier could not be sued) the injured person could join the negligent servant and the insurance carrier, if there was one.

In view of what is said above, the trial court did not err in

sustaining the general demurrer of Carolina Casualty Insurance Company, and in dismissing the action as to it.

*Judgment affirmed.   Felton, C. J., and Nichols, J., concur.*