41772. ROBBINS, Executrix, et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

ARGUED FEBRUARY 9, 1966— DECIDED FEBRUARY 25, 1966— REHEARING DENIED MARCH 29, 1966—

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Phillip Slotin,* for appellants.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter,* for appellees.

JORDAN, Judge. The consideration of this appeal from the judgment of the trial court sustaining the general demurrers of the defendant insurance company to the plaintiffs' petitions is controlled by *Combs v. Carolina Cas. Ins. Co.,* 90 Ga. App. 90 (82 SE2d 32), in which this court held as follows: "The petition, alleging that the plaintiff, an employee of a named motor common carrier, was injured as a result of the concurring negligence of the carrier and of another employee of the carrier, when a truck owned by the carrier and driven by the plaintiff collided on a public highway of this State with another truck of the carrier

driven by the other employee, did not state a cause of action against the insurance company which insured the carrier under a policy issued by the defendant insurance company to the carrier in lieu of a bond, under the provision of *Code* § 68-612, and the trial court did not err in sustaining the general demurrer of the insurance company, and in dismissing the action as to that defendant."

This holding was based upon the fact that the plaintiff employee could not recover a judgment against his employer, the insured carrier, for injuries sustained because of the negligence of a fellow employee, since the carrier and its employees were covered under the provisions of the Georgia Workmen's Compensation Act and because of the application of the fellow servant rule; and it was the conclusion of the court that it was not the purpose of *Code* § 68-612, providing for the giving by a motor common carrier of a bond or a policy of indemnity insurance in lieu of a bond for the protection of the public from injury or damage proximately caused by the negligence of the carrier and its agents and employees, to make an insurance company, which had issued the carrier a policy of indemnity insurance in lieu of a bond, liable where the insured carrier itself was not liable.

Here, as in *Combs*, a motor common carrier company had secured from the defendant insurance company a policy of indemnity insurance in compliance with the provisions of *Code* § 68-612; and the plaintiffs were seeking to recover under such policy for the personal injury and death of their husbands, who according to the allegations of the petitions sustained fatal injuries when the tractor-trailer which they were operating as a two-man team in the course of their employment with the motor carrier collided with a tractor-trailer being negligently operated by another employee of the same motor carrier. The parties were also covered under the provisions of the Workmen's Compensation Act.

It is contended by counsel for the plaintiffs that the *Combs* case is distinguishable from this case because the insurance policy under consideration here in addition to insuring the carrier as the "named insured," also provided liability insurance coverage for the carrier's employees while using a vehicle owned or hired

by the carrier. This contention is unavailing to the plaintiffs for the reason that the same clause relied upon by them specifically provided as follows: "The insurance with respect to any person or organization other than the named insured does not apply: (c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer." Under the clear and unambiguous terms of this provision, no coverage was provided here. *General Accident Fire &c. Corp. v. Kimberly,* 61 Ga. App. 153 (6 SE2d 78). It is immaterial that one of the plaintiffs' decedents was on a "rest period" at the time the collision occurred since he was part of the two-man team operating the vehicle and was clearly acting in the course of his employment at the time.

The trial court did not err in sustaining the general demurrers of the defendant insurance company.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*