A08A0113. COLEMAN v. B-H TRANSFER COMPANY et al.
A08A0114. DIXON TRUCKING COMPANY, INC. et al.
v. COLEMAN.
(659 SE2d 880)

JOHNSON, Presiding Judge.

These cases arise from a tractor-trailer collision that occurred on January 6, 2003 in South Carolina. The facts of the collision are not in dispute. The collision involved three tractor-trailers, driven by Jerry Lee Coleman, Harry Mitchell Dixon and Scotty Schafer. All three drivers were purportedly independent contractors, and all three tractor-trailers were under contract with B-H Transfer Company to deliver loads of kaolin. Dixon Trucking Company, Inc.[1] owned the vehicle driven by Dixon and allegedly leased the vehicle to Dixon.

After delivering the kaolin, the tractor-trailers began the return trip from South Carolina. Coleman drove the lead vehicle, followed by Schafer then Dixon. At some point on Interstate 95, Coleman slowed to almost a stop and allegedly pulled his vehicle onto the left shoulder of the road to avoid congestion due to a traffic wreck on the right shoulder of the road. Schafer and Dixon also attempted to stop, but Dixon struck the rear of Schafer's vehicle, forcing Schafer into the rear of Coleman's vehicle. The force of the collision caused Coleman to strike a tree in the median and sustain serious injuries. As a result of the collision, Dixon received a traffic citation for traveling too fast for conditions.

---

[1] Harry Mitchell Dixon is not related to the owners of defendant Dixon Trucking Company, Inc. It is a mere coincidence that both defendants have the name "Dixon."

Coleman sued Dixon Trucking Company, Harry Dixon, B-H Transfer Company, and Discover Property and Casualty Insurance Company. The defendants moved for summary judgment on various grounds. The trial court granted summary judgment to B-H Transfer Company based on a release and indemnity agreement which precluded liability for Coleman's injuries, denied summary judgment to Dixon Trucking Company, Harry Dixon and Discover Property and Casualty Insurance Company based on this same release and indemnity agreement, and granted summary judgment to all defendants on Coleman's punitive damages claim. In Case No. A08A0113, Coleman appeals, contending the trial court erred in granting summary judgment to B-H Transfer Company based on the release and indemnity agreement. In Case No. A08A0114, Dixon Trucking Company, Harry Dixon, and Discover Property and Casualty Insurance Company appeal, alleging the trial court erred by failing to enter summary judgment in their favor based upon the release and indemnity provision in Coleman's independent contractor agreement. Dixon Trucking Company further contends that the trial court erred in denying summary judgment to it because Harry Dixon was working for B-H Transfer Company at the time of the collision and Dixon Trucking Company had relinquished full control of its vehicle at the time of the collision.

For reasons that follow, we affirm the trial court's order granting B-H Transfer Company's motion for summary judgment in Case No. A08A0113. In Case No. A08A0114, we affirm the trial court's order denying summary judgment to Harry Dixon and Dixon Trucking Company, but reverse the trial court's denial of summary judgment to Discover Property and Casualty Insurance Company.

### Case No. A08A0113

1. Coleman argues that the trial court erroneously granted summary judgment to B-H Transfer Company on the basis of an indemnity contract that was ambiguous. We find no error.

The independent contract agreement between Coleman and B-H Transfer Company specifically provides, in part:

7. (a) BHTC acknowledges its obligation to maintain insurance coverage for the protection of the public pursuant to 49 CFR, Part 387. BHTC agrees to provide Bodily Injury and Property Damage Liability Insurance on the vehicle when being used in accordance with the provisions of this Agreement. This insurance shall not cover any operation of the contracted vehicle when not being used on BHTC business in providing the transportation services contemplated by this

Agreement, nor will such insurance cover damage to persons or property resulting from the collision of two vehicles, both of which are under contract to BHTC. Independent Contractor hereby specifically releases and agrees to indemnify BHTC from any liability resulting from any such occurrences. . . .

Contrary to Coleman's contention, the release and indemnity provision is not ambiguous because it refers to a collision between two vehicles and the collision in the present case was between three vehicles. The intent of the provision is clear and must be implemented. Moreover, technically, Coleman's vehicle only collided with one other vehicle, the tractor-trailer driven by Schafer.

Coleman also contends the provision is ambiguous because it does not specifically state whether Coleman would be held liable due to his own or someone else's negligence. Again, we must disagree based on the clear language of the provision: B-H Transfer Company would not provide coverage for a collision between vehicles under contract to B-H Transfer Company, and the independent contractor would indemnify B-H Transfer Company for any liability. It is irrelevant whose negligence caused the collision.

In a final effort to save his liability claim against B-H Transfer Company, Coleman contends the release and indemnity provision fails for a lack of consideration. According to Coleman, the release and indemnity provision required consideration above and beyond consideration in the general independent contractor agreement. However, the cases cited by Coleman, *Nat. Bank of Tifton v. Smith*[2] and *The Nat. Bank of Monroe v. Wright*,[3] have nothing to do with an employment or independent contractor contract and do not support Coleman's position in the present case. The trial court did not err in holding that Coleman could not claim liability against B-H Transfer Company and in granting B-H Transfer Company's motion for summary judgment.

2. Coleman contends the trial court erred in holding that he was not a member of the public to be protected under federal and state laws applicable to motor carriers. Under the circumstances of this case, we disagree.

A contractual provision which releases or indemnifies a party from liability for injuries arising out of the contract is enforceable unless it contravenes public policy:

---

[2] 142 Ga. 663 (83 SE 526) (1914).
[3] 77 Ga. App. 272 (48 SE2d 306) (1948).

> It is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract. A contracting party may waive or renounce that which the law has established in his or her favor, when it does not thereby injure others or affect the public interest. Exculpatory clauses in Georgia are valid and binding, and are not void as against public policy when a business relieves itself from its own negligence.[4]

Here, the independent contractor agreement pursuant to which Coleman was operating his tractor-trailer at the time of the collision specifically provided that Coleman agreed to release and indemnify B-H Transfer Company from any liability resulting from a collision between vehicles under contract to B-H Transfer Company. Since the collision at issue involved tractor-trailers under contract to B-H Transfer Company, the release and indemnity provision clearly applies.

Coleman contends the release violates public policy because the law requires motor carriers to maintain coverage for the protection of the public. However, we agree with the trial court's finding that Coleman was not a member of the public entitled to protection under the law. 49 CFR § 387.15, which provides the federal minimum insurance coverage for motor common carriers, states that the required insurance does not apply to the insured's employees while in the course of employment. And when defining "employee," the statute specifically includes an independent contractor.[5] The trial court correctly granted B-H Transfer Company's motion for summary judgment.

## Case No. A08A0114

3. Dixon Trucking Company, Harry Dixon and Discover Property and Casualty Insurance Company (the "appellants") contend the trial court erred in denying their summary judgment motion based on the release and indemnity provision in Coleman's independent contractor agreement. According to the appellants, "[s]ince [Coleman] has contractually released his claims against B-H Transfer Company, it follows that the remaining defendants also are entitled to summary judgment." We disagree with respect to Harry Dixon and Dixon

---

[4] (Citations and punctuation omitted.) *Neighborhood Assistance Corp. &c. v. Dixon*, 265 Ga. App. 255, 256 (1) (593 SE2d 717) (2004).

[5] 49 CFR § 390.5.

Trucking Company, but agree with respect to Discover Property and Casualty Insurance Company.

(a) *Harry Dixon.* The appellants contend Harry Dixon is immune from liability simply because B-H Transfer Company is immune from liability. However, they have not cited any authority supporting this position. Clearly, there is no bar to Coleman's ability to recover from a fellow independent contractor for that independent contractor's negligence.[6] Contrary to the appellants' argument, Coleman has a valid claim against Harry Dixon, the driver of one of the other tractor-trailers involved in the collision, even if vicarious liability does not attach to B-H Transfer Company because of the release and indemnity provision. The trial court did not err in denying Harry Dixon's motion for summary judgment.

(b) *Dixon Trucking Company.* The trial court did not err in denying Dixon Trucking Company's motion for summary judgment because the record before us on appeal shows the existence of a question of material fact concerning whether an agency relationship existed between Harry Dixon and Dixon Trucking Company. If such a relationship existed, Dixon Trucking Company could be vicariously liable for any negligence on the part of Harry Dixon.[7]

According to the record, Harry Dixon and Dixon Trucking Company did not have a written lease to commemorate any oral agreement regarding Harry Dixon's use of the tractor-trailer at issue. And, the evidence establishes that Dixon Trucking Company retained at least partial control over the tractor-trailer driven by Harry Dixon, including maintaining, servicing and inspecting the tractor-trailer. The record further shows that Harry Dixon paid Dixon Trucking Company one-half of all monies received by Harry Dixon for jobs performed for B-H Transfer Company. And, Dixon Trucking Company paid for the tractor-trailer repairs resulting from the collision at issue.

Because there was no written lease agreement between Harry Dixon and Dixon Trucking Company, and because the record contains evidence that Dixon Trucking Company failed to relinquish total control of the tractor-trailer to Harry Dixon, the record on appeal creates a material issue of fact regarding whether Harry Dixon was Dixon Trucking Company's agent. Therefore, Dixon Trucking Company remains a proper party in this action, and the trial court correctly denied Dixon Trucking Company's motion for summary judgment.

---

[6] See *Rothrock v. Jeter*, 212 Ga. App. 85, 86 (1) (441 SE2d 88) (1994).

[7] See generally *The Pep Boys &c. v. Yahyapour*, 279 Ga. App. 674, 675-677 (4) (632 SE2d 385) (2006).

(c) *Discover Property and Casualty Insurance Company.* The record shows that B-H Transfer Company insured the subject vehicles with Discover Property and Casualty Insurance Company pursuant to federal and state statutes. The appellants argue that Discover Property and Casualty Insurance Company is entitled to summary judgment because Coleman's indemnity agreement makes it impossible for Coleman to obtain a judgment against B-H Transfer Company and, therefore, there is no "actionable injury" pursuant to OCGA § 46-7-12. We agree.

This Court has previously held that "an indispensable prerequisite to an action against the insurer is an 'actionable injury.' "[8] And "actionable injury" means an injury to a person who could sue the motor carrier and obtain a judgment for his injuries.[9] Here, as we held in Division 1, Coleman cannot successfully sue B-H Transfer Company, the motor carrier insured by Discover Property and Casualty Insurance Company. Because the liability of the insurance carrier on its policy is merely ancillary to that of the motor carrier it is insuring, there is no way for Coleman to recover against the surety since he cannot recover a judgment against the principal.[10] The trial court erred in denying Discover Property and Casualty Insurance Company's motion for summary judgment.

*Judgment affirmed in Case No. A08A0113. Judgment affirmed in part and reversed in part in Case No. A08A0114. Barnes, C. J., and Phipps, J., concur.*

DECIDED MARCH 24, 2008 — 

*Russell M. Boston, Wendy S. Boston,* for Coleman.
*Miller, Cowart & Howe, Joel A. Howe,* for B-H Transfer Company and Dixon Trucking Company.

---

[8] *Tuck v. Cummins Trucking Co.,* 171 Ga. App. 485, 487 (2) (320 SE2d 265) (1984).
[9] Id.
[10] Id.