S08G1293. COLEMAN v. B-H TRANSFER COMPANY et al.
S08G1294. COLEMAN v. DIXON TRUCKING COMPANY, INC. et al.

(669 SE2d 141)

CARLEY, Justice.

These cases arise from a collision involving three tractor-trailers under contract with B-H Transfer Company and being driven in tandem by independent contractors. The last vehicle in line was owned by Dixon Trucking Company, Inc. and was driven by Harry Mitchell Dixon. That tractor-trailer allegedly struck the rear of the middle vehicle, forcing it into the rear of the lead vehicle, which was owned and driven by Jerry Lee Coleman. Coleman brought suit against Appellees Mr. Dixon, Dixon Trucking, B-H Transfer, and Discover Property and Casualty Insurance Company, which is B-H Transfer's insurer. The trial court granted summary judgment in favor of B-H Transfer based on a release and indemnity provision in the independent contractor agreement between Coleman and B-H Transfer. That provision applies to liability for "damage to persons or property resulting from the collision of two vehicles, both of which are under contract to" B-H Transfer. The trial court also denied summary judgment as to the remaining defendants. On appeal, the Court of Appeals reversed the denial of summary judgment as to Discover and affirmed the remainder of the trial court's judgment. *Coleman v. B-H Transfer Co.,* 290 Ga. App. 503 (659 SE2d 880)

(2008). In Division 2 of its opinion, the Court of Appeals held that Coleman was not a member of the public entitled to protection under the law and that application of the release and indemnity provision in this case violates neither public policy nor 49 CFR § 387.15. *Coleman v. B-H Transfer Co.*, supra at 505-506 (2). Having granted certiorari to review that holding, we conclude that application of the indemnity and release provision to Coleman's claims against B-H Transfer and Discover is consistent with public policy and 49 CFR § 387.15.

1. With regard to the specific federal regulation on which Coleman relied, the Court of Appeals correctly held that

> 49 CFR § 387.15, which provides the federal minimum insurance coverage for motor common carriers, states that the required insurance does not apply to the insured's employees while in the course of employment. And when defining "employee," [49 CFR § 390.5] specifically includes an independent contractor. [Cit.]

*Coleman v. B-H Transfer Co.*, supra at 506 (2). "[N]either the purposes of the [federal] Motor Carrier Act nor case law preclude the plain language interpretation of the regulations adopted by the [Court of Appeals]." *Perry v. Harco Nat. Ins. Co.*, 129 F3d 1072, 1075 (1) (9th Cir. 1997). See also *Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking*, 307 F3d 362, 365-366 (5th Cir. 2002); *Canal Ins. v. A & R Transp. and Warehouse*, 827 NE2d 942, 947-948 (Ill. App. 2005).

2. Federal motor carrier regulations required B-H Transfer, as a motor carrier utilizing leased or rented equipment,

> to "have exclusive possession, control, and use of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease." 49 CFR § 376.12 (c) [(1)]. Under this regulatory scheme, the motor carrier is fully responsible to the public for the operation of its leased vehicles, [cit.] regardless of whether the vehicles are used in the scope of the carrier's business.

*Hot Shot Express v. Assicurazioni Generali*, 252 Ga. App. 372, 373-374 (556 SE2d 475) (2001). However, the Supreme Court of the United States has held that the presence in an equipment lease of an indemnification clause directed to the lessor's negligence conflicts neither with the lessee's duties to the public and to shippers nor with

the safety concerns of federal regulations. *Transamerican Freight Lines v. Brada Miller Freight Systems*, 423 U. S. 28 (96 SC 229, 46 LE2d 169) (1975).

The language of 49 CFR § 376.12 (c) (1) and earlier regulations to the same effect have been interpreted to impose vicarious liability on the motor carrier, "regardless of agency relationships, for the negligent operation of vehicles leased and operated under its certificate. [Cits.]" *Riddle v. Trans-Cold Express*, 530 FSupp. 186, 188 (II) (A) (S.D. Ill. 1982). "A split in the circuits exists regarding whether motor carriers are liable under the Motor Carrier Act for injuries to drivers of leased trucks and not just to members of the public. [Cits.]" *Perry v. Harco Nat. Ins. Co.*, supra at 1075 (2). Under authority applicable in the Eleventh Circuit, a driver employed by the lessor is not an intended beneficiary of the federal regulations. *White v. Excalibur Ins. Co.*, 599 F2d 50, 55-56 (V) (5th Cir. 1979). See also *Judy v. Tri-State Motor Transit Co.*, 844 F2d 1496, 1500 (II), fn. 8 (11th Cir. 1988) (citing *White* based on the Eleventh Circuit's adoption "as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981"). However, we do not need to resolve that issue here, because Coleman was not only the driver of a leased truck, but was also the owner and lessor of the truck. As such he

> is not a member of the general public for purposes of maintaining an action under 49 CFR § [376.12 (c) (1)] against defendant [B-H Transfer]. [Coleman], as . . . the lessor, had contractual relations with defendant [B-H Transfer], unlike members of the traveling public who were not involved in the parties' economic enterprise. [Cits.] Certainly, if the lessor was considered a member of the general public for purposes of holding the certificate holder vicariously liable, the Supreme Court in *Transamerican Freight Lines, Inc.* would not have allowed the lessor to assume ultimate liability by virtue of an indemnity provision in the lease. The rationale underlying *Transamerican Freight Lines, Inc.* was that the lessor and lessee of equipment operated under an I.C.C. certificate are free to agree, by contract, as to rights affecting their relationship, so long as their duty to the general public is not diminished. This rationale necessarily presupposes that the lessor and the general public are distinct entities.

*Riddle v. Trans-Cold Express*, supra at 189-190 (II) (A). Therefore, application to Coleman of the release and indemnity provision in the contract between him and B-H Transfer clearly is not prohibited by federal regulations. For the similar reasons which follow, such

application of that provision also does not violate the public policy of this state.

3. "Provisions similar in language and identical in design to the federal law exist in Georgia law." *Nationwide Mut. Ins. Co. v. Holbrooks*, 187 Ga. App. 706, 712 (3) (371 SE2d 252) (1988). A motor carrier may not operate in Georgia without obtaining from the Public Service Commission a certificate of public convenience and necessity pursuant to OCGA § 46-7-3, and a certificate is not issued unless the applicant either obtains permission to self-insure or maintains a policy of indemnity insurance for the protection of the public against injuries proximately caused by the negligence of the motor carrier, its servants, or its agents. OCGA § 46-7-12 (a), (b); *Ross v. Stephens*, 269 Ga. 266-267 (496 SE2d 705) (1998). See also OCGA § 40-9-4 (other insurance requirements are inapplicable to motor carriers). This protection of the public against such injuries is the very purpose of the statutory provision. *Miller v. Harco Nat. Ins. Co.*, 274 Ga. 387, 390-391 (3) (552 SE2d 848) (2001); *Grissom v. Gleason*, 262 Ga. 374, 377 (3) (418 SE2d 27) (1992).

There is authority that a driver employed by the lessor is not a member of the public for whom OCGA § 46-7-12 was enacted. *White v. Excalibur Ins. Co.*, supra at 54-55 (IV) (citing *Combs v. Carolina Cas. Ins. Co.*, 90 Ga. App. 90, 91 (82 SE2d 32) (1954)). However, that is another issue addressed by *White* which we need not resolve in this case. As already discussed in the federal context, Coleman clearly was not a member of the public for whose benefit motor carrier regulations are in place. As owner and lessor of the tractor-trailer which he was driving, Coleman specifically agreed to indemnify B-H Transfer for liability resulting from a collision between vehicles which are under contract to B-H Transfer. As the Court of Appeals correctly held,

> [a] contractual provision which releases or indemnifies a party from liability for injuries arising out of the contract is enforceable unless it contravenes public policy: "It is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract. A contracting party may waive or renounce that which the law has established in his or her favor, when it does not thereby injure others or affect the public interest. Exculpatory clauses in Georgia are valid and binding, and are not void as against public policy when a business relieves itself from its own negligence." [Cit.]

*Coleman v. B-H Transfer Co.*, supra at 505-506 (2). For example, " 'it is not against public policy to indemnify a common carrier of

passengers against loss occurring from injuries to passengers, which result from its negligence or the negligence of its servants . . . .' [Cit.]" *Louisville & Nashville R. Co. v. Atlantic Co.*, 66 Ga. App. 791, 801 (3) (19 SE2d 364) (1942). Moreover, in *Transamerican Freight Lines*,

> [a]s part of its reasoning, the Supreme Court found that by placing the ultimate financial responsibility on the lessor, such a provision actually enhances public safety because the lessor has greater incentive to comply with safety regulations. [Cit.] This reasoning applies with equal force to [Coleman's] assumption of control over the driv[ing] and agreement to indemnify defendant [B-H Transfer]. Both provisions enhance the likelihood that [the lessor] will provide safer services. . . . [I]n no way does the enforceability of these contract provisions diminish defendant [B-H Transfer's] financial responsibility to shippers and the general public.

*Riddle v. Trans-Cold Express*, supra at 190 (II) (B). Accordingly, it cannot be said that application of the release and indemnity provision in this case violates the public policy of Georgia. This holding applies to the claims against both B-H Transfer and Discover since it is not the purpose of OCGA § 46-7-12 to make an insurance company, which issued the carrier a policy of indemnity insurance, liable where a judgment cannot be recovered against the insured carrier itself. See *Robbins v. Liberty Mut. Ins. Co.*, 113 Ga. App. 393, 394 (148 SE2d 172) (1966).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Russell M. Boston, Wendy S. Boston*, for Coleman.
*Miller, Cowart & Howe, Joel A. Howe*, for B-H Transfer Company and Dixon Trucking Company.