A09A0718. COWART et al. v. WIDENER et al.
A09A0719. UNITED TRANSPORTATION, INC. v. COWART et al.

(675 SE2d 591)

ANDREWS, Presiding Judge.

The heirs of Roby Cowart, Sr., brought this wrongful death action against his brother-in-law Nathan Widener as well as Widener's employer, United Transportation, Inc., and the latter's insurer, American International South Insurance Company (AIS), after Cowart died of natural causes while traveling as an unauthorized passenger in the truck Widener was driving from Georgia to Ohio. The trial court granted summary judgment to Widener and United

YALE LAW LIBRARY

Transportation on the ground that plaintiffs had produced no evidence that Widener's failure to obtain medical care was the proximate cause of Cowart's death. The trial court granted summary judgment to AIS on the ground that Cowart's death did not arise from Widener's operation of the truck. In Case No. A09A0718, plaintiffs argue that the trial court erred when it granted summary judgment to all three defendants. In Case No. A09A0719, United Transportation argues that the trial court should have granted summary judgment on other grounds and that it should have excluded the testimony of an expert. We affirm in Case No. A09A0718 and dismiss Case No. A09A0719 as moot.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (Citations and punctuation omitted.) *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the non-movant. *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000). Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the non-movant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990).

So viewed, the record shows that on November 30, 2003, Widener and Cowart left Thomson, Georgia in the truck Widener was driving as an independent contractor for United Transportation to Columbus, Ohio. Cowart suffered from severe erosive esophagitis, a condition in which gastric acid has damaged the esophagus, with results including the oozing of blood and a narrowing or stricture of the esophageal wall. Esophageal bleeding can cause vomiting, which can lead in turn to a potentially fatal rupture of the esophagus. Widener's employment contract with United Transportation permitted Widener to choose his own routes, but provided that Widener "shall not allow any passenger to ride in the [truck], unless authorized in writing by [United Transportation] as required by law." It is undisputed that United Transportation never authorized Widener to carry Cowart.

That afternoon, as the two men traveled north on Interstate 75 near the Kentucky-Tennessee border, Cowart told Widener that his throat was "closing in on him" and began vomiting blood. Widener pulled into a truck stop and attempted to revive Cowart. At this or a later time, Widener called his wife, Cowart's sister, who told him to check Cowart's pulse, put water on his lips, and determine if he was breathing. Cowart was nonresponsive. Widener resumed his trip and reached Lexington, Kentucky, where he began to smell a foul odor

characteristic of diarrhea following substantial internal bleeding. Widener again stopped the truck and attempted to revive Cowart, without success.

Shortly after midnight on December 2, Widener's parked truck rolled backward into another truck at a rest stop in Delaware, Ohio. A state trooper called to the scene noticed that Widener was nervous and kept looking back at the closed curtain to the truck cab's bunk area. The trooper then asked him to open the curtain so that she "could make sure he didn't have any dead bodies" hiding there. Widener responded, "Well, my brother-in-law is back there, but I don't think he is dead." In fact, however, Cowart's body was already cold. The coroner's report listed the cause of death as "exsanguination," or internal bleeding, occurring within approximately two hours of a gastrointestinal hemorrhage. The coroner later testified that a person suffering such a hemorrhage can be asleep and not realize what is happening. Apart from small amounts of granulated blood at the corner of Cowart's mouth and on some tissues he had used, no blood was found in the cab or the sleeper berth.

At his deposition, Cowart's treating physician, Dr. Robert Schade, testified that he did not have "nearly enough information to draw a conclusion about why [Cowart] died" and had "no way of judging" whether Cowart would have survived had he obtained emergency treatment. In an affidavit seeking to clarify his testimony, however, Dr. Schade averred that "if a patient were allowed to bleed internally for a period of hours, with no medical treatment whatsoever, death could be the likely result."

1. The principal issue on appeal is whether the trial court correctly granted summary judgment to (a) Widener and (b) United Transportation due to a failure of evidence that Widener's delay in obtaining treatment was the proximate cause of Cowart's death.

(a) Plaintiffs argue that they are not required to produce expert testimony on the causes of a decedent's death in a case of ordinary negligence. See *Self v. Executive Committee of the Ga. Baptist Convention &c.*, 245 Ga. 548, 549 (266 SE2d 168) (1980). But when medical questions are raised in such a case, expert evidence is required because the proximate cause of a decedent's death is "not one of those matters which jurors [can] be credited with knowing by reason of common knowledge." (Citation and punctuation omitted.) *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 205 (3) (345 SE2d 904) (1986); see also *Gilbert v. R. J. Taylor Mem. Hosp.*, 265 Ga. 580, 581, n. 4 (458 SE2d 341) (1995); *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 160 (3) (b) (658 SE2d 909) (2008).

Plaintiffs attempt to fulfill their obligation to produce medical evidence showing that Widener's delay in obtaining treatment was the proximate cause of Cowart's death by repeated citation to Dr.

YALE LAW LIBRARY

Schade's affidavit. Even construed in plaintiffs' favor, however, Dr. Schade's statement asserts only that a delay in obtaining treatment was a *possible* cause of Cowart's death. "When a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions." *Page v. Atlanta Center*, 219 Ga. App. 422, 424 (465 SE2d 456) (1995). "If [circumstantial evidence] raises only a mere conjecture as to how [a decedent] died, there can be no recovery." *Berry v. Hamilton*, 246 Ga. App. 608, 610 (541 SE2d 428) (2000). A jury is authorized only to resolve conflicts in the evidence, and cannot supply evidence where none exists. Because plaintiffs have failed to raise a reasonable inference that Widener's delay in obtaining treatment was the proximate cause of Cowart's death, we affirm the grant of summary judgment to Widener. See *Berry*, 246 Ga. App. at 610 (affirming grant of summary judgment in the absence of evidence that defendant had proximately caused the decedent's death).

(b) Because plaintiffs cannot show that Widener was negligent, they cannot succeed in imputing negligence to United Transportation. Even if Widener could be found negligent, moreover, United Transportation could not be held liable because Widener's act of taking Cowart as a passenger violated United Transportation's explicit instructions not to do so as well as federal regulations. See 49 CFR § 392.60 (a). As the Supreme Court of Georgia established long ago: "The driver of a motor-vehicle, in the absence of express or implied authority from the owner to permit third persons to ride therein, is ordinarily held to be acting outside the scope of his employment in permitting them to do so." *Greeson v. Bailey*, 167 Ga. 638, 640 (146 SE 490) (1929); see also *Braselton v. Brazell*, 49 Ga. App. 269 (175 SE 254) (1934) (affirming trial court's sustaining of defendant truck owner's demurrer where plaintiff who fell off truck failed to show that the owner "either expressly or impliedly authorized or permitted the plaintiff to board or ride on the truck, or that the [driver] in so permitting her acted in the prosecution or scope of the business for which the [owner] employed him").

For all these reasons, the trial court did not err when it granted summary judgment to Widener and United Transportation.

2. "[I]t is not the purpose of OCGA § 46-7-12 to make an insurance company, which issued the carrier a policy of indemnity insurance, liable where a judgment cannot be recovered against the insured carrier itself." *Coleman v. B-H Transfer Co.*, 284 Ga. 624, 628 (3) (669 SE2d 141) (2008). Thus we also affirm the trial court's grant of summary judgment to AIS.

3. In light of the above, we dismiss Case No. A09A0719 as moot.

*Judgment affirmed in Case No. A09A0718. Appeal dismissed in Case No. A09A0719. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 18, 2009 — 

*Warlick, Tritt, Stebbins & Murray, Charles C. Stebbins III*, for Cowart et al.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Charles C. Mayers*, for Widener et al.

*Fulcher & Hagler, Amy R. Snell, John A. Davison*, for United Transportation, Inc.